JOHN A. BAXTER & others *vs.* ALLEN BAXTER & others.

Barnstable. Jan. 23, — Feb. 17, 1877. MORTON & ENDICOTT, JJ., absent.

A testator, leaving as his heirs and next of kin four brothers and sisters and the issue of two deceased brothers and of one sister, by his will gave a life interest in a house, a piece of land and a sum of money to his brother A., and provided that all the residue of his property "be divided equally amongst my brothers and sisters, and their issue by right of representation, except one seventh part, which is to be held in trust by my executors, for my brother A., he to receive the interest on the same during his natural life, and at his decease, the said one seventh part above named is to be divided equally amongst my remaining brothers and sisters, and their issue by right of representation." By a codicil the testator bequeathed a sum of money to repair the house and gave a small sum of money to A. *Held,* that the residue was to be divided into seven equal parts, one of which was to be held in trust for A., and that A. took no interest in the six sevenths remaining.

BILL IN EQUITY by the executors and trustees of the will of Alexander Baxter, to obtain the instructions of the court.

The will contained, besides other provisions not material to be stated, the following:

" 5. I give to my brother, Allen Baxter, the use of the dwelling-house he now occupies, and the use of three acres of land near the house occupied by Benajah Whelden, during his natural life. Also, the interest on $6000 for the same time, and should he die before his wife, she to have the interest on $4000, during her natural life, and the remaining $2000 to be divided amongst my nephews, George L. Thacher, Peter Thacher, John A. Baxter, Jr., Oliver F. and Sylvester Baxter, Daniel Baxter and Ira B. Bassett, or in case my brother Allen outlives his wife, $4000 of the allowance to him is at his death to be divided amongst my brothers and sisters, or their heirs equally, and the remaining $2000 to my nephews, as stated above in this fifth article, the same to be in care or trust of my executors."

" 32. And all the remainder of my personal property be divided equally amongst my brothers and sisters, and their issue by right of representation, except one seventh part, which is to be held in trust by my executors for my brother Allen, he to receive the interest on the same during his natural life, and at his decease, the said one seventh part above named is to be divided equally amongst my remaining brothers and sisters, and their issue by right of representation. I also declare it to be my will that the real estate of mine not otherwise conveyed be divided .n the same manner as my personal property named in the thirty-second article."

By a codicil the testator gave $500 to repair the house occupied by Allen Baxter, and a legacy of $100 to him.

The bill alleged that the testator left no issue, and left four brothers and sisters and the issue of two deceased brothers and one sister; that Allen Baxter had no children, and that he and his wife were of such an age, that the expectation of children was past. The question presented by the bill was whether Allen Baxter was entitled under the 32d clause to have one seventh of the residue of the estate held in trust for his benefit and to have paid over to him one seventh of the other six sevenths of the residue; or whether he was only entitled to have one seventh of the residue held in trust for his benefit.

The answers admitted the allegations of the bill. Hearing on the bill and answers before *Gray*, C. J., who made a decree that Allen Baxter was entitled only to the one seventh in trust; and Allen Baxter appealed.

*G. A. King*, for Allen Baxter.

*G. Marston*, for the other defendants.

AMES, J. The general intent of the testator in the 32d clause of the will does not appear to us to admit of any doubt. He clearly intended that the residue of his property should be equally divided among his brothers and, sisters, and their issue by right of representation, with no other qualification than that the share of his brother Allen should be held in trust in such a manner that he should have the income for life, and that upon his decease his share should go to the other relatives. The will shows throughout that the provision made by the testator for his brother Allen was in the form of an income for his life, and not in placing any fund at his absolute disposal. The equal division contemplated by the testator could only be a division into sevenths. No reason is suggested why Allen should have had in any form more than one of these sevenths, and, taking the whole will together, we think that no such intent on the testator's part can be inferred. It is a well established rule of construction that the general intent of the testator, as gathered from the whole will, is not to be defeated by language of a doubtful and uncertain meaning contained in a single clause. *Williams* v. *Bradley*, 3 Allen, 270. The clause in question, although not expressed with strict technical accuracy, must be taken as meaning that, in making the division into equal parts, one of these parts is to be held in trust for the benefit of Allen Baxter, according to the terms of the will, and that he takes no interest in the remaining six. *Decree affirmed.*