BOSTON SAFE DEPOSIT AND TRUST COMPANY *vs.* BENJAMIN F. COFFIN & others.

Suffolk.    March 20, 1890. — June 24, 1890.

Present : FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise in Trust — Partial Intestacy.*

A testator divided his estate into seven equal parts, and bequeathed the income of one part to each of his five children then living for life ; at the death of a child, the principal of the seventh part held for his benefit was to be divided among his issue ; and if any one of the five died without issue, such principal was to be held and finally disposed of for the benefit of the survivors or their issue. The income of each of the two sevenths remaining was to be shared by the children respectively of the testator's two deceased daughters ; if any of these grandchildren died without issue, his share of the income was to go to his surviving brothers or sisters, if any ; if such a grandchild died with issue, the portion of the seventh part of which he had enjoyed the income was to be divided among his children, " share and share alike, the descendants of any such child or children to take the same share or portion which his, her, or their parents would be entitled to if living " ; and if all such grandchildren died without issue, the two sevenths were to be held for the benefit of the survivors of the testator's five living children or their issue.   The will provided that the debts due from the testator's children should be deducted from their respective shares.   One of the daughters had three sons ; and at the death of these grandsons of the testator, one only left issue.   *Held,* that the issue of such grandson was entitled to the principal of the one seventh part of which the three grandsons together enjoyed the income.

BILL IN EQUITY, brought by the trustee under the will of Jared Coffin as the successor of the trustees named therein, for instructions as to the disposition of one seventh of the estate. *Holmes,* J., reserved the case, at the request of all the parties, for the consideration of the full court.   The facts appear in the opinion.

*W. I. Badger*, for the plaintiff, read the papers in the case.

*J. E. Farnham*, for the children of William F. Hastings.

*J. Willard*, for certain next of kin and heirs at law.

*C. K. Cobb*, for other next of kin and heirs at law.

DEVENS, J. The whole of the testator's estate was devised and bequeathed to three trustees, Israel Whitney, Thaddeus Nichols, and Henry A. Kelly, for the various purposes which appear in the successive clauses of his will. The estate was to be divided into seven equal parts, each of which was to be held as a separate and distinct fund. Of the seven shares, the interest, income, etc. of five of them were bequeathed respectively to his five children then living, for their natural lives, and at their deaths to be divided among their children or the issue of such children. If either of them died and left no issue, the seventh of which such child had enjoyed the income was to be held and finally disposed of for the benefit of the surviving children, or their issue if they should have deceased. Two of the testator's children, both daughters, had deceased at the time of making the will, leaving children ; and to these children he gives respectively, and as representing what would have been their mother's share of his property, the interest, income, etc. of one of these seven shares, to be divided among them equally for their lives, providing that, if either grandchild died without issue, the income which it enjoyed should be enjoyed by the survivor or survivors of the same family, brothers or sisters of such deceased grandchild, as the case might be ; while if such child left issue, the portion of the seventh part of which it had enjoyed the interest and income should be received by such issue. These sevenths of the estate are disposed of by the first and sixth clauses of the will in similar language, with the exception of those changes rendered necessary by the fact that there were four grandchildren, daughters of his deceased daughter Rebecca S. French, and three grandchildren, sons of his deceased daughter Emeline Hastings.

The sixth clause of the will, the construction of which is sought by the bill in the case at bar, is as follows : " Sixth, that they, the said Whitney, Nichols, and Kelly, and the survivor of them, shall during the lifetime of George N. Hastings, William F. Hastings, and Henry H. Hastings, children of my

deceased daughter Emeline Hastings, wife of Thomas Nelson Hastings of Cambridge, in the said county of Middlesex, pay over to them respectively, in equal shares, the interest, rents, income, dividends, and profits of one other seventh of my said estate, real, personal, and mixed, and on the death of either of them shall distribute and divide one third part of such portion of my estate to and among the children of such of them as shall so die, share and share alike, the descendants of any such child or children to take the same share or portion which his, her, or their parents would be entitled to if living. In case either of them, said George, William, and Henry, shall die, leaving no lawful descendants, then the share or portion of such interest, rents, income, dividends, and profits payable to such of them as shall so die is to be paid to the survivor and survivors, and if they all die leaving no children or descendants of children living at their decease, then the said one seventh of my estate shall be held by the said trustees for the use and benefit of my surviving children, or their issue, in the same way and manner as is herein provided for as in respect of the other portions of my estate which I have herein disposed of, and which said trustees are to hold in trust in the way and manner herein set forth."

In terms, only two events are provided for by which the principal of the one seventh of the testator's estate which is the subject of that clause is disposed of. One is the death of either of his three grandsons, children of his daughter Emeline, leaving issue, in which case the one third of such portion or seventh is to be divided and distributed " to and among the children of such of them as shall so die, share and share alike, the descendants of any such child or children to take the same share or portion which his, her, or their parents would be entitled to if living." The other event is the death of all these grandsons without issue; if this had occurred, the one seventh of the testator's estate held for their benefit was to be held for the benefit of the testator's surviving children, or their issue. In the event which actually took place, the death of two of the grandsons leaving no issue, provision was made that the income of their share should be paid to the survivor or survivors. These payments have actually been made to the surviving grandson, William F. Hastings, as his brothers have respectively deceased.

What was to be done with the principal of the two thirds, to the income of which the other grandsons had been entitled upon the decease of the surviving grandson leaving issue, was not explicitly provided for. The surviving grandson, William F., has now deceased, leaving issue. It is not disputed that his children are entitled to the one third of the portion of which he originally enjoyed the income, but it is contended on behalf of the next of kin and the heirs at law of the testator that the two thirds of which he has enjoyed the income since the decease of his brothers are to be treated as intestate property undisposed of by the will, except so far as the income during the life of the surviving grandson is concerned, and .that it is impossible to introduce into the clause a bequest over to the children of the surviving grandson of the principal of the shares of the brothers of their father.

The general principles which apply to the construction of a clause similar to the one in question are well settled. While care must be taken that courts do not undertake to make wills for testators, and while their meaning is not to be ascertained by mere conjecture as to what they may have intended, the true meaning of words used is to be arrived at by considering them in their relation not only to the clause immediately in question, but to the whole will. Their more grammatical or ordinary sense is not to be adhered to, if it would be repugnant to or inconsistent with the remainder of the instrument. Where there has been a failure also in such a clause to use the technical or positive language appropriate to express a meaning which is evident from the whole will taken together, and where the language for that purpose is defective, necessary words may be supplied, or words may be transposed to effectuate the obvious intention. *Barrus* v. *Kirkland*, 8 Gray, 512. *Baxter* v. *Baxter*, 122 Mass. 87.

There were three beneficiaries, namely, the sons of Emeline Hastings, under the sixth clause, which is the one under consideration, and the income which was to be divided among them was the same which their mother would have received if living at the time of the will, and if the same provision had been made for her which was made for the testator's living children. It is only in case all these grandchildren died leaving no children or issue that the one seventh of the income which they or the survivors of them enjoy will pass by the will to the trust for

the benefit of the testator's surviving children or issue.   In case either of these grandchildren die leaving issue, it is provided that the trustees " shall distribute and divide one third part of such portion of my estate to and among the children of such of them as shall so die, share and share alike, the descendants of any such child or children to take the same share or portion which his, her, or their parents would be entitled to if living."   While the latter portion of this clause applies grammatically to the one third originally bequeathed, it is loosely used, as their parents were not entitled to any share of the principal if living.   It indicates, however, that all of which the parent had enjoyed the income, and which might properly be termed his share, would pass to his children or issue.   It is more important, that the whole scheme of the testator's will shows that he intended that, if by the death of some of these grandchildren the income of the survivor or survivors was augmented, the portion as thus augmented and from which the survivor derived his income was to be treated and to pass in the same way as the original third, of which alone he had the benefit while his brothers survived.

The intention of the testator to dispose of his whole estate is manifest.   He so devises and bequeaths it in express terms to the trustees whom he names.   He divides it into sevenths, appropriating one, in the administration of the trust, to each branch of his family.   He makes no provision for any residuum, as he believes there can be none under the cross remainders he has made in case one branch of his family should have become extinct when the time for the division of the principal has arrived. When an intention to dispose of the whole of an estate appears, a partial intestacy should not be recognized unless the deficiencies in the expressions of the will are such as to compel it. That there could have been no intention to deprive the issue of Emeline of any part of the seventh which he had appropriated to her children, in pursuance of his scheme of dividing his estate into seven parts, — one for each living child, and one for the children of each of his own children who had deceased leaving issue, — is further shown by the equality which he sought to establish in these shares by the express provision in the will that the debts due from any child are to be treated as a part of its share.   It cannot be supposed that the testator intended that, in

the contingency that has occurred, only one third of a seventh should go to the issue of his daughter Emeline, while the issue of the other children received a full seventh.

We are satisfied that a construction of this will by which it shall be held that the whole of the seventh the income of which passed to William F. (the son of Emeline, who survived his brothers and is now himself deceased) should now become the property of his children, is necessary to effectuate the intention of the testator, and should be adopted. It renders the will harmonious in its provisions, it makes the equal division between his children or the representatives of each child contemplated by the testator, and does not, by depriving the grandchildren of Emeline of a portion of the share of their grandmother, leave any intestate estate. When the reading of a whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the court will supply the defect by implication, and so mould the language of the testator as to carry into effect as far as possible the intention which it is of opinion that he has on the whole sufficiently declared. *Metcalf v. Framingham Parish*, 128 Mass. 370, 375.

An examination of the decisions in similar cases will show that such implication has been made where the intention of the testator has appeared less strongly than in the case at bar. Many of them were considered in the case just cited. In that case, a testator had bequeathed certain stock to a trustee for the benefit of Nancy Green, a sister of a deceased wife, and William Green, her husband, for and during their natural lives, as follows: during her life to pay the net income to her semiannually; in case she should die before him, to transfer one half of the principal to a certain charitable institution, and to pay the income of the remainder to him for life; in case he should die before her, then at her death to transfer the whole of the principal to the same institution. She died before her husband, and one half of the principal was paid to the institution, and the other half kept in trust for him. While in this will there were residuary devisees, provision for whom is not made in the will we are considering, it was held that on the death of the husband the institution was entitled to this part of the principal also. It was

held that the chief purposes of the testator were to provide for the wife during life, — a provision for the husband being made in case he survived her, — with an ultimate gift of the whole bequest to the institution, although in express words the gift of the whole bequest to the institution was in case of the death of the wife after the husband.

In the case at bar, we find that the testator intended to divide his estate equally among his children and the children of his deceased daughters, representing respectively their mothers, to provide for his children during life, and at the decease of each child to divide the share of which it received the income among the issue of such children, and in the case of the deceased daughters to provide for their children during their respective lives, and at their decease to divide among the children of each the principal of that share or portion of a share of which its parent had enjoyed the income, whether such income had or had not been augmented by the death of brothers or sisters.

We are of opinion that the trust, so far as the property affected by the sixth clause of the will is concerned, is now terminated, and the trustees should now be directed to divide and distribute the seventh part of the testator's estate, of which William F. Hastings has received the income, among his children, or their guardians representing them, if they are still in their minority.          *Instructions accordingly.*