JEROME JONES, executor, *vs.* GEORGE A. GANE & others.

Norfolk.    December 2, 1909. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Devise and Legacy.    Words,* " Entire estate," " Share," "Amount."

The will of a married woman, who died without issue leaving her husband sur-
viving her, after exercising a power of appointment, and making thereby a
certain provision for her husband, which in case of his death before her
should become the property of his heirs at law, and after making various
legacies, and providing, that, if she should survive her husband, all property
to which she should have become entitled from his estate should go to his
heirs at law, contained the following provision : " It is my will that my said
husband, J., shall have the same share in the residue of my estate which he
would have had by law in the entire estate, had no will been made, and, if he
is not living at my decease, it is my will that the share which he would have
had under this clause shall go to his heirs at law." In a provision in the at-
testing clause of the will relating to an erasure and the interlining of certain
words the foregoing clause was described as " the residuary clause." *Held,*
that the clause did not mean that the husband of the testatrix should receive
the portion of the whole estate which he would have received in the event of
intestacy, and, further, that the clause did not mean that after the husband
had received the share described in the clause, the property remaining should
be treated as intestate property in which the husband also would share, but that
by the provisions of the clause the testatrix had limited and specified so clearly
the portion which she intended her husband to receive from the residue of her
estate as to amount by implication to a disposition of the balance among her
other heirs at law to the exclusion of her husband ; that, therefore, the husband
should receive the same share of the residue which he would have received if
no will had been made, that is, $5,000 and one half the remainder of the residue,
and that the other half of the residue should be distributed among the next of
kin of the testatrix.

BILL IN EQUITY, filed in the Supreme Judicial Court on
March 4, 1909, by the executor of the will of Maria Elizabeth
Jones, who died on June 4, 1908, without issue, leaving an
estate of which the residue, after the payment of all debts and
all legacies apart from those contained in the residuary clause
and the expenses of administration, amounted to about $500,000,

for instructions as to the distribution which should be made of the residue of the estate.

The will was as follows:

" I, Maria Elizabeth Jones, wife of Jerome Jones of Brookline, in the County of Norfolk and Commonwealth of Massachusetts, make this my last will and testament. After the payment of debts and funeral charges if any, I devise and bequeath as follows:

" It is my will and I hereby appoint under the power contained in the will of William H. Dutton of Boston dated the fifth day of February, A. D. 1875, that of the property now held by trustees under the said will of William H. Dutton, and whereof I have the disposition by this will, two hundred shares of the capital stock of the Boston Transcript Company shall become the property of the grandchildren of Henry W. Dutton in equal proportion, the issue of any deceased grandchild to take by right of representation, provided however that the persons in whom said shares of capital stock would vest under the above provision or some person or persons in their behalf shall within one year after the allowance of this will, pay to my said husband, Jerome Jones, or his personal representatives, or, if my said husband is not living at my decease, then to his heirs at law, one third of the value of the real estate now held by said Boston Transcript Company as ascertained by the last assessed valuation for taxation prior to my decease, and in default of such payment it is my will and I hereby appoint that said two hundred shares of said capital stock shall become the property of my said husband, Jerome Jones, or, if he is not living at my decease, the property of his heirs at law.

" I give to my brother, George A. Gane of Charlottetown, Prince Edwards Island, twenty-five thousand dollars and in the event that he is not living at my decease I give ten thousand dollars to his widow and fifteen thousand dollars to the children of my brother Thomas Frederick Gane, deceased, the issue of any deceased child to take by right of representation the share of such deceased child.

" I further give to the children of my said brother Thomas Frederick Gane, deceased, fifty thousand dollars, the issue of any deceased child to take by right of representation as above.

"I give to Ellen A. Jones of Athol, Mass., five thousand dollars.

"I give to Louise Palmer Chard of New York City five thousand dollars.

"I give to the American Unitarian Association, a corporation established by law in Massachusetts, ten thousand dollars.

"I give to the Young Men's Christian Union of Boston ten thousand dollars.

"I give to the Transcript Mutual Aid Society of Boston ten thousand dollars.

"I give to the Free Hospital for Women, located in Brookline, ten thousand dollars.

"I give to the Industrial School for Crippled and Deformed Children, in Boston, ten thousand dollars.

"I give to the Kindergarten for the Blind, in Boston, ten thousand dollars.

"I give to the Children's Hospital, in Boston, ten thousand dollars.

"I give to the Home for Aged Couples, in Boston, five thousand dollars.

"In the event that my said husband, Jerome Jones, is not living at my decease I give to his heirs at law all property, real or personal, to which I shall have become entitled from his estate.

"It is my will that my jewelry, keepsakes, personal ornaments, trinkets and other articles named in a certain writing or list which I leave among my effects marked and designated as the writing or list referred to in this will, shall not be included in the residue of my estate to which reference is made in the clause herein next following, but shall be disposed of as directed in said writing or list which said writing or list is hereby made part of this will.

"It is my will that my said husband, Jerome Jones, shall have the same share in the residue of my estate which he would have had by law in the entire estate, had no will been made, and, if he is not living at my decease, it is my will that the share which he would have had under this clause shall go to his heirs at law.

"I hereby nominate my said husband, Jerome Jones, to be

the executor of this will, and request that he be exempt from giving surety or sureties on his official bond.

"Witness my hand this twenty-eighth day of November, in the year nineteen hundred and three, the word 'that' being erased and the words ' the share which ' being interlined in the residuary clause before signing."

Here followed the signature of the testatrix and an attesting clause with the signatures of three witnesses.

The defendants, besides Jerome Jones in his personal capacity, were George A. Gane, a brother of the testatrix, Henry Stewart Gane, Gertrude Gane and Marjorie Gane, children of Thomas Frederick Gane, deceased, who was a brother of the testatrix, and Kathrene Gane, then the widow of Frederick M. Gane, deceased, who was the son of Thomas Frederick Gane.

The answer of the defendants other than Jerome Jones was in part as follows :

" 2. And they say that by law and under the true construction of the will of Maria Elizabeth Jones, one half of the residue of her estate passed to her husband, and the other half to her next of kin.

" 3. And for further answer they say that they have been informed that the petitioner is now claiming that by the legal construction of said will he is entitled to three quarters of said residue, and that these defendants as next of kin of the testatrix are entitled to only one quarter.

" 4. The defendants deny that such is the legal construction of said will, but they say that if such is the legal construction of said will, the petitioner holds one third of said three quarters, namely, one quarter of said residue, in trust for these defendants for the following reasons :

" 5. The testatrix acted greatly under the influence and advice of her husband. She wished to leave one half of the residue of her estate to him, and the other half to her next of kin, and was willing that the share which would come to him if he survived her, should go to his heirs in case he should die before her. He thereupon, knowing her intentions, caused or allowed this will to be prepared, representing to her that the will as drawn expressed her said intentions, namely, that one half of the residue of her estate should go to him or his heirs, and the

other half to her next of kin. She relying on his representations executed said will.

"6. After the death of the testatrix, but before the probate of the will, the petitioner assured these defendants that by said will one half of the residue of the estate of the testatrix was devised and bequeathed to them. These defendants relied on this assurance, and forebore to contest the probate of the said will.

"7. And the defendants say that if the court decrees that by the legal construction of said will three quarters of the residue of the testatrix's estate come to the petitioner, the petitioner after those representations and assurances to the testatrix and to these defendants is trustee for one third of said three quarters, namely, one quarter of said residue, in trust for these defendants, and they pray the court so to decree."

The case was heard by *Braley*, J., who reported it for determination by the full court as follows:

"The defendants, George A. Gane, Henry Stewart Gane, Gertrude Gane, Marjorie Gane and Kathrene Gane, desiring to offer evidence in support of the allegations made in the fifth and sixth paragraphs of their answer, Jerome Jones, individually, by separate counsel, and also as executor and plaintiff in this case, objected to the admission of any evidence upon the issues sought to be raised by said allegations. At the request of the executor, I ruled that no evidence upon said issues was admissible. And now, with the consent of all parties, I report the case for the determination of the full court, upon the question of the true construction of the will, and also upon the question of the exclusion of evidence, if after determining the true construction of the will, the evidence appears to be material.

"If the court decide that on the proper construction of the residuary clause in the will the defendant Jones is entitled only to $5,000 and one half of the remaining residue of said estate, and that the defendants Gane, as the next of kin of the testatrix, are entitled to the other half of the remaining residue, a decree is to be made in accordance with such construction.

"If the court decide that on the proper construction of the residuary clause of the will, Jerome Jones is entitled, whether under the will or under the statutes regulating the descent and

distribution of intestate property, or partly under the will and partly under said statutes, to more than $5,000 plus one half of the remaining residue of the whole estate, then, but not otherwise, my ruling upon the exclusion of evidence is to be considered by the court, and if the ruling is wrong, the case is to stand for further hearing before a single justice solely upon the issues raised by the allegations of the defendants under the fifth and sixth paragraphs of their answer. If the ruling was right, such decree is to be entered as justice and equity require. The words ' remaining residue' in this report are to be taken to mean that part of the whole estate of the testatrix remaining after the payment of debts, charges of administration, legacies bequeathed by clauses prior to said residuary clause, and said $5,000."

*F. H. Darling*, for the executor, stated the case.

*A. Hemenway & J. R. Dunbar*, for Jerome Jones personally.

*John Chipman Gray & C. R. Clapp*, for the defendants Gane.

RUGG, J. The testatrix died without lineal descendants leaving a husband and collateral kindred. By her will she exercised a power of appointment so as to inure to some extent for the benefit of her husband, and gave $160,000 in legacies of definite amounts and certain specific legacies. The residue of her estate, after paying these legacies, debts and charges of administration is about $500,000. The only clause respecting the residue and the construction of which is sought by this petition, is as follows : " It is my will that my said husband, Jerome Jones, shall have the same share in the residue of my estate which he would have had by law in the entire estate, had no will been made, and, if he is not living at my decease, it is my will that the share which he would have had under this clause shall go to his heirs at law." The exercise of the power of appointment and this clause are the only provisions for the benefit of the husband to be found in the will.

There are three possible interpretations of the language employed by the testatrix. It is urged that it means that the husband is to have out of the residue the same amount that he would have had out of the whole estate if there had been no will. The words, " entire estate " are laid hold of and accentuated as manifesting an intent that the husband should have out of the residue that which the law would have given him in

the entire estate in the event of intestacy.   If this had been the
aim of the testatrix, it would have been simple to express it by
apt and unequivocal language.   The substitution in the residu-
ary clause of the words " amount out of " for the words " share
in " would have accomplished this result.   No intelligent person
can be assumed to have used " share " under the misapprehension
that it was synonymous with " amount."   An even more simple
and natural way of expressing such an intent would have been
to phrase the gift to the husband thus: " the same share in my
estate which he would have had by law had no will been made."
Moreover, the words " entire estate " are not employed in the
residuary clause as one term of the problem in arithmetic by
which the sum of the husband's devise is to be computed, but
merely as a reference for the purpose of incorporating the pro-
portion established by the law for the distribution of intestate
estates.   " The residue of my estate " and not the entire estate
is the fund to which the fractional share found in the statute of
distributions is to be applied.   Hence the clause does not mean
a devise to the husband of that part of the whole estate, which
he would have received in the event of intestacy.

Another possible construction is that the husband alone is
provided for by its terms, and that there is intestacy as to the
balance of the estate.   The practical result of this interpretation
would be that the husband would receive out of the residuum
of the estate $5,000 and one half the remainder, and that as to
what was left he would inherit as statutory heir $5,000 again
and one half that remainder.   Although where sufficient lan-
guage is lacking to dispose of the entire estate, there is no room
for the operation of a presumption, yet where the interpretation
is doubtful, the law infers, because it is the commonsense con-
clusion, that one going to the trouble of making a will would not
intend to leave a large part of the estate undisposed of.   *Towne*
v. *Weston*, 132 Mass. 513.   It is to be observed that here the
testatrix, in a note referring to an erasure, describes the clause
in question as the " residuary clause."   An important charac-
teristic of a true residuary clause is to make a complete, not a
partial, disposition of all the property of the testator.   *Dresel* v.
*King*, 198 Mass. 546.   To thus deliberately refer to the clause
as residuary is some indication of what this testatrix thought

she was doing by it. Under these circumstances, a result of partial intestacy ought not to be reached unless the balance of reasonable weight of the testamentary language inclines that way. This view gathers force from the provision at the end of the clause to the effect that in the event of the death of the husband before the testatrix, the share which he would have had under this clause shall go to his heirs at law. Substantially the same provision for the heirs at law of the husband is made in the first clause of the will, where the power of appointment under the will of one Dutton is exercised primarily for the benefit of the husband. Both these provisions seem to indicate a wish that the heirs of the husband should, provided he predeceased the testatrix, receive all the benefactions which would have inured to the husband from her estate had he survived her. This desire would have been frustrated, had the condition arisen to which it was directed, by holding that there is partial intestacy. This conclusion is fortified by the fact that there is also a distinct clause giving to the heirs at law of the husband, in the event of his previous death, all the property to which the testatrix would have become entitled from his estate.

This leads to a consideration of the third possible construction, which is that the testatrix bounded and specified that which she intended her husband to receive from the residue of her estate so clearly as to amount by inference to a disposition of the balance among her other heirs at law. Of course the mere fact that the will contains a legacy to the husband or any next of kin is no indication that such legatee is not to share in an undisposed residuum. *Johnson* v. *Goss*, 132 Mass. 274. A gift by implication cannot be inferred from silence, but must be founded upon expressions in the will. *Nickerson* v. *Bowly*, 8 Met. 424, 431. The testatrix used the words " the same share " to designate what her husband was to receive from the residue. These words imply entirety and finality, a finished and consummated expression of benevolent intent, so far as that particular beneficiary is concerned. When " the share " of another in an estate is spoken of, the natural thought is of the whole and complete portion or fraction, which is to be received. When used to mark out an inheritance in an estate the words " the share " do not import that there is something more, outside of and beyond

it, to be otherwise and elsewhere pointed out, but they indicate totality. Weight may be attached the more readily to the exact significance of the words chosen, because the will was drafted by one learned in the law with wide experience in its practical administration. It is argued in opposition to this interpretation that if such had been the purpose of the testatrix she would have made a plain gift to the husband of $5,000 and one half of the residue. Her intent, however, was not to give to her husband a definite sum, but the proportion which the statutes, not infrequently changed in this regard, might provide at the time of her death. The testatrix, by the use of these words, defined and limited the extent, to which her husband was to benefit out of the residue, to the share devised, and excluded him from any part of what is left. Standing alone the language indicates that he is to receive the specified share, but no more. So far as explicit statement goes, she thus makes a partial distribution only of the residue. But there is a general design, to be inferred from what is expressed, that this clause should be a complete disposition. This is implied from the use of the words " residuary clause " in referring to this part of her will, from the presumption against intestacy, and from the definite and precise expression of limitation of the entire benefit to be received by her husband from the residue, which can be effectuated only by inferring such an intent. When it appears that the testator necessarily intended to make a disposition which is not articulated in formal words, and language enough is employed to show the trend of her thought, such desire will be declared and given effect. The phraseology of the gift to the husband indicates that the testatrix intended that the balance of the residue should go to her heirs at law, excluding her husband, for in no other way can her determination as to his portion be carried out. *Metcalf* v. *Framingham Parish*, 128 Mass. 370. *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95. *Peabody* v. *Tyszkiewicz*, 191 Mass. 317. *Bund* v. *Green*, 12 Ch. D. 819. This result follows also from the application of the second part of the rule laid down in *Parker* v. *Tootal*, 11 H. L. Cas. 143: " Implication may be founded upon two grounds. It may either arise from an elliptical form of expression which involves and implies something else as contemplated by the person using the expression,

or the implication may be founded upon the form of gift, or upon a direction to do something which cannot be carried into effect without, of necessity, involving something else in order to give effect to that direction; or something else which is a consequence necessarily resulting from that direction." It is a necessary consequence of the provision that the husband's share in the residue shall be the same as if no will had been made that the balance of the residue after the deduction of his share shall be divided according to law among the other heirs at law to the exclusion of her husband. Any other construction would result in his receiving a larger share than that specified by the will. Inasmuch as the husband survived the testatrix, the gift in the residuary clause of " the share which he would have had . . . to his heirs at law " has become inoperative, and the residue is to be divided among the same persons and in the same shares as it would have been in the event of intestacy.

The husband is therefore entitled to $5,000 and one half the remainder of the residue, and the other half of the remainder is to be divided according to law among the next of kin of the testatrix.

*Decree accordingly.*