LILA MILLER & others *vs.* THE PARISH OF THE EPIPHANY, WINCHESTER, & others.

Middlesex.   November 15, 1938. — February 2, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Devise and Legacy,* Conditional, Construction of particular phrase.

Under a will giving money to a parish for use for a specified purpose and directing that until the sum given, "together with accumulations," should be sufficient for that purpose it should be held in trust and invested, but that it should revert to the testator's estate if within ten years after the legacy became effective there should not have been "added to" it sufficient money to accomplish the purpose, the "accumulations" mentioned were not confined to the earnings of the trust fund itself, but included a gift to the parish for the same purpose by another within the ten years.

Where a will provided that a legacy to a parish for use for a specified purpose should revert to the testator's estate if there should not have

been added to it a sufficient sum to accomplish the purpose within ten years after the legacy became operative upon the death of his widow, a bequest in her will to the parish of a sufficient sum for that purpose, her estate being ample to pay it, was an addition to her husband's legacy within the ten years although such sum was not actually paid over to the parish by her executor until after that period had elapsed.

PETITION, filed in the Probate Court for the county of Middlesex on March 14, 1938.

The case was heard by *Beane,* J.

*T. von Rosenvinge,* (*V. L. Hennessy* with him,) for the petitioners.

*D. F. Carpenter,* for the respondents.

DOLAN, J.   The petitioners, in their own right or as representatives of the residuary legatees under the will of Henry C. Miller, seek to recover from the respondent parish a sum of money paid it by the trustee under the will of the testator, together with the accumulations thereon. The case was heard by the judge of probate upon an agreed statement of facts.   He entered a decree dismissing the petition and the petitioners appealed.

Henry C. Miller, hereinafter referred to as the testator, who was a resident of Winchester in this Commonwealth, died February 11, 1924, leaving a will which was allowed April 17, 1924.   Under its terms he gave the residue of his estate to his wife, Mary H. Miller, for life, and upon her death, whether prior or subsequent to his own death, made numerous particular bequests followed by a devise and bequest of the residue of his estate "then remaining undisposed of" to three nieces and a nephew in equal shares.

The particular bequest with which we are here concerned reads as follows:   "(f) To the Parish of the Epiphany, Winchester, Massachusetts I give and bequeath the sum of Ten thousand ($10,000) Dollars: Five thousand ($5000) Dollars of said sum to be expended by the Vestry of said Parish in connection with the erection or construction of a tower to form a part of the present church structure and until the said sum of Five thousand ($5000) Dollars hereby given, together with accumulations, shall be sufficient for

said purpose, the money hereby given shall be held in trust by the Wardens and Vestry of said Parish, and be prudently invested by them for that purpose. The balance of said sum of Ten thousand ($10,000) Dollars, to wit; the sum of Five thousand ($5000) Dollars, to be expended by the Vestry of said Parish for the installation of a set of chime bells in the tower to be erected or constructed as aforesaid, and until said sum of Five thousand ($5000) Dollars hereby given, with accumulations, shall be sufficient for said purpose, the said Five thousand ($5000) Dollars hereby given shall be held in trust by the Wardens and Vestry of said Parish, and be prudently invested by them for that purpose. However, if there shall not have been added to said sums hereinbefore given a sufficient sum to erect and construct said tower and install said chime bells within ten years from the date that this bequest shall become operative, then in that event, said sum of ten thousand dollars shall revert back to my estate and become a part of the residue thereof."

The testator's wife survived him. She died February 7, 1928, and on May 23, 1928, the trustee under the will of the testator paid to the Parish of the Epiphany, Winchester (hereinafter referred to as the Parish), as directed in the provision just set forth, $10,143.33. At the time of the hearing this fund, by its own earnings amounting to $14,558, was held by the Parish.

The widow of the testator left a will which was allowed on April 26, 1928, wherein she bequeathed "to the Parish of the Epiphany . . . $15,000 . . . to be expended in erecting a tower or other suitable location for the chimes heretofore given by . . . [her] late husband, Henry Child Miller."

At a meeting of the Parish held on January 25, 1938, it was "VOTED: That the Parish proceed to erect a tower to form part of the present church structure and to install a set of chimebells therein, upon the payment by the executor under the will of Mary H. Miller of the bequest made by her for the expressed purpose of erecting a tower for the chimes given by her husband, Henry Child Miller."

During the ten-year period succeeding the death of the

widow on February 7, 1928, no payments were made to the Parish on account of her bequest. However, on February 16, 1938, the executor of her will paid the Parish $5,000, and on February 28, 1938, $5,000 on account of her bequest. Since that date he has paid the Parish $1,500 additional, with "assurances . . . that he would pay the balance of said legacy shortly." From February 7, 1928, the date when the testator's bequest became operative, to February 7, 1938, the legacy, together with its accumulations, was insufficient to accomplish his objects. Now, together with the sums received from the executor of the testator's widow, the fund held by the Parish is sufficient to erect the tower and install the "chime bells."

The petitioners contend that, under the terms of the testator's will, "there was a condition precedent requiring that a 'sufficient sum' be 'added to' the sums bequeathed; that the bequest of Mary Hannah Miller did not fulfill this condition because it was not paid within ten years from the date the bequest from Henry Child Miller became operative, and because it was not an 'accumulation' of the sums bequeathed by Henry Child Miller; that failure of this condition precedent was not excused. . . . that there was a condition subsequent requiring construction within ten years from the date the bequest became operative; that this condition was not performed either within the ten years required or within a reasonable time, and that there is no adequate excuse for its nonperformance." In argument they have laid great stress on the grammatical construction of the pertinent provisions of the testator's will. It is settled, however, that "it is familiar law that the grammatical construction, or the order of particular sentences, is never allowed to defeat the general intention of the testator, as clearly manifested by all the provisions of the will taken as a whole." *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370, 376–377. *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 98. *Renwick* v. *Macomber*, 225 Mass. 380, 384. Thus considered we cannot concur in the petitioners' contention that it cannot be said "that the testator expected additions to be made [to his

bequest] from sources other than the earnings of the funds given by him." We think it is manifest that the dominant intent of the testator was that the tower should be erected and the chimes installed. He was apparently conscious that his own bequest would be inadequate when it became payable to the Parish for the accomplishment of his purposes. It was seemingly his hope that after his bequest became operative additions thereto would assure the accomplishment of its objects We think it cannot be said that by directions for the investment of the money bequeathed by him, he had in mind that the additions to the fund which would be necessary to enable the Parish to erect the tower and install the chimes were to come of necessity from the earnings of his bequest. The direction was the usual one where money is left upon a trust. In brief, we are of opinion that additions to the testator's bequest from any source, within the period of ten years from the time it became operative, which would be sufficient to accomplish its purposes would satisfy his intent as expressed in his will.

The remaining question is whether the bequest of the testator's widow for the same purposes, constituted an addition to the testator's bequest within ten years from the time when his own bequest became operative. The testator's bequest to the Parish became operative on February 7, 1928, the date of death of his widow. Her bequest to the Parish was payable in one year from the date of her death. It bore interest from that date. *Dawes* v. *Swan*, 4 Mass. 208. *Brooks* v. *Lynde*, 7 Allen, 64. *Rotch* v. *Emerson*, 105 Mass. 431. *Lyford* v. *McFetridge*, 228 Mass. 285. The will of the widow speaks as of her death, and the right of the Parish to the legacy given to it under her will became vested as of that date. There is no suggestion in the record that the estate of the widow was not sufficient to satisfy the legacy in question. It is agreed in fact, that the payments made on account thereof are sufficient with the money left by the testator to enable the Parish to erect the tower and install the chimes.

In these circumstances the delay of the executor of the

will of the widow in paying to the Parish the legacy bequeathed to it does not require a ruling that, in consequence, the legacy given under the will of the widow was not added to that of the testator within ten years from the death of his widow. We are of opinion that, in contemplation of law, her bequest was so added, and that the intent of the testator and that of his widow may not be defeated by the dilatory conduct of the executor of the latter's will in withholding payment, nor by that of the Parish in failing to exact prompt payment of her bequest.

*Decree affirmed.*