ARTHUR H. O'NEILL & others *vs.* THOMAS H. CONNELLY
& another, executors, & others.

Suffolk.    November 10, 1942. — December 2, 1942.

Present: FIELD, C.J.; DONAHUE, QUA, COX, & RONAN, JJ.

*Devise and Legacy,* Validity, Definiteness, Creation of trust, Construction
against intestacy. *Trust,* Express: what constitutes; Income benefici-
ary.

A clause in a will giving the residue "to" the testator's niece "in trust,
nevertheless" for her life, with directions that a stated sum should
"be paid to her" annually and that upon her death the residue should
go "outright" to a college, and appointing a trustee other than the
niece, was not indefinite, but created a trust fund in which the niece
was to have a beneficial interest to the extent stated, and there was
no intestacy as to the residue.

A direction in a will to pay to the testator's niece annually "not less than"
a stated sum "out of the income of" a trust fund "and if necessary
out of both income and principal" was not indefinite in respect to the
amount payable to the niece where it did not appear that the annual
income exceeded the stated sum.

PETITION, filed in the Probate Court for the county of
Suffolk on November 19, 1941.

The petition was dismissed by decree of *Dillon,* J., and
the petitioners appealed.    In this court the case was sub-
mitted on briefs.

*J. C. Johnston,* for the petitioners O'Neill and others.

*N. B. Vanderhoof,* for the respondents Connelly & another,
executors, and others.

*R. E. McCarthy,* for the respondent Margaret R. Erwin.

*T. L. Gannon,* for the respondents Trustees of Boston
College.

FIELD, C.J.    Henry E. O'Neill, late of Boston, died Jan-
uary 29, 1941, leaving a will which has been duly allowed.
By the will the testator bequeathed to his two sisters and
his brother $1 each, and provided further: "FOURTH: All
the rest, residue and remainder of my property, real, per-
sonal and mixed, of every kind and description and wher-

ever located, of which I may die seized, or to which I may be entitled at the time of my decease, I give, devise and bequeath to my niece, Margaret Erwin of Hingham, Massachusetts, in trust, nevertheless, for the duration of her life, under the following conditions or directions: — That there shall be paid to her out of the income of my estate, and if necessary out of both income and principal, a sum of not less than One Thousand Dollars each year in equal monthly payments. Upon the death of the said Margaret Erwin, I direct that the rest and residue of my estate be given outright to Boston College, and in case the said Margaret Erwin should predecease me it is my wish that the rest and residue of my property, of every kind and description, except as heretofore stated, go to said Boston College. I nominate and appoint Thomas H. Connelly of the Brighton District of the City of Boston and the National Rockland Bank of Boston to be trustees and executors of this my last will and request that they be exempt from giving surety or sureties on their official bonds as such trustees and executors."

The heirs at law and next of kin of the testator brought this petition in the Probate Court against Thomas H. Connelly and the National Rockland Bank of Boston, as executors and trustees, Margaret R. Erwin, and Boston College, praying "that the executors be instructed that the rest, residue and remainder of the estate devised and bequeathed by said will fall to the heirs-at-law" and for general relief. The parties agreed that "the net estate of the testate, Henry E. O'Neill, amounted to approximately Thirty-two Thousand Dollars ($32,000) in cash."

From a decree of the Probate Court dismissing the petition the petitioners appealed.

It is clear that this is not a petition for instructions. It is, in substance, a petition by the heirs at law and next of kin of the testator against the representatives of his estate to compel them to pay property of the estate to the petitioners. The petition can be maintained only if the petitioners are entitled to such a payment. We are of opinion that on the merits of the case they are not so entitled, and

consequently do not discuss any procedural question that may be involved.

The only ground upon which the petitioners as heirs at law and next of kin could be entitled to property of the estate would be that there was an intestacy with respect to the whole or a part of the estate of the testator. But on the record and on a proper interpretation of the will it does not appear that there was such an intestacy.

It is clear that the testator intended to create a trust of the residue of his estate. He specifically provided that the gift of such residue should be "in trust" and appointed trustees — obviously to be trustees of this trust. There was no reason for appointing trustees unless they were to be trustees of the residue of his estate. A gift of such residue to the trustees appointed by the will is implied notwithstanding the absence of express terms of gift to them.

Some difficulty of interpretation doubtless results from the provision of the will that the residue is given "to my niece, Margaret Erwin . . ., in trust, nevertheless, for the duration of her life" under certain described "conditions or directions." But when this language is considered in the light of the language of the will as a whole, this difficulty is readily resolved. So considered, it is apparent that the testator intended by the language quoted to give to his niece a beneficial interest in the residue of the estate "for the duration of her life" of the kind described in the "conditions or directions," namely, that "there shall be paid to her out of the income of my estate, and if necessary out of both income and principal," a sum not less than $1,000 annually. That this amount is to "be paid to her" naturally implies that it is to be paid by somebody else, that is, by the trustees appointed by the will. When the will is so construed, there remains no such indefiniteness with respect to trustees in the gift of the residue as to invalidate it.

The petitioners contend, however, that the trust of the residue fails by reason of indefiniteness with respect to the amount to be paid annually to the testator's niece. But

if the annual income does not exceed $1,000, clearly there is no indefiniteness with respect to the amount that she is to be paid. She is to be paid "out of the income of my estate, and if necessary out of both income and principal, a sum of not less than One Thousand Dollars each year." And the record does not show that the annual income exceeds that amount. In this situation the petitioners have not established a right to receive any payment from the respondent executors and trustees.

What has been said is not to be taken as an intimation that, even if the annual income of the trust in any year should exceed $1,000, the petitioners would be entitled to receive the excess over that amount. There is much reason for interpreting the provision of the will by which the niece is given the residue of the estate "for the duration of her life," though "in trust," as meaning that she is to receive the entire income of such residue even though more than $1,000 annually. If, however, she is not so entitled, there is reason for the view that the excess of annual income over $1,000 goes to Boston College under the gift to it of the residue of the estate. There is now no controversy between these two respondents, and there is no occasion to determine which of them would be entitled to the excess income, if there were any. But, in any event, where, as here, a testator apparently intended to dispose of his entire estate, an interpretation of the will resulting in even a partial intestacy is to be avoided if reasonably possible. *Weeks* v. *Pierce*, 279 Mass. 108, 118. *Fitts* v. *Powell*, 307 Mass. 449, 455.

*Decree affirmed.*