CORINNE G. DANSEREAU, administratrix, *vs.* CORINNE G. DANSEREAU & others.

Middlesex.    May 9, 28, 1945. — June 4, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Devise and Legacy,* Intestacy, Conditional gift.  *Probate Court,* Parties, Petition for instructions.  *Equity Pleading and Practice,* Parties, Suit for instructions.

In a petition in a Probate Court by an executor of a will or an administrator with the will annexed for instructions as to the distribution of the testator's estate, the executor or the administrator in his personal capacity properly is made a respondent if he contends that he personally is entitled to share in the distribution.

In construing a will, it is proper to make a transposition of a clause where, upon a consideration of the whole will, such transposition results in an expression of the intention of the testator.

No intestacy arose, upon the death of the sister of the testator before him, under a provision of an unskilfully drawn will which read: "If my sister . . . shall survive me, I give her all of my estate . . . in trust . . . a [certain] banking corporation . . . to be the trustee, and the said trustee is hereby directed to pay the income . . . to the said . . . [sister] during her lifetime," followed by provisions for continuance of the trust thereafter to a designated time for termination, when the entire estate was to be divided among others; the intent of the testator was to make only the equitable life estate of the sister, not all such testamentary dispositions, depend on her surviving him, and this was accomplished by reading the phrase, "if my sister . . . shall survive me," at the end of the quoted provision.

PETITION, filed in the Probate Court for the county of Middlesex on March 14, 1944.

The case was heard by *Monahan,* J.

*E. McPartlin,* for Corinne G. Dansereau, individually.

*F. K. Rice,* for guardian ad litem and others.

*E. S. Tyler,* for Corinne A. Balch, submitted a brief.

LUMMUS, J.   In this petition by an administratrix with the will annexed for instructions as to the distribution of the estate of the testatrix, the administratrix in her personal capacity as sole heir at law and statutory distributee was properly made a respondent. *Bemis* v. *Converse,* 246

Mass. 131, 135. *Dockray* v. *O'Leary*, 286 Mass. 589, 591. *Johnson* v. *Johnson*, 300 Mass. 24, 25. *Jones* v. *Gane*, 205 Mass. 37, 40. Compare *Batchelder, petitioner*, 147 Mass. 465, 471. See also *St. Botolph Club, Inc.* v. *Brookline Trust Co.* 292 Mass. 430, 432; *Smith* v. *Stratton*, 302 Mass. 17, 19; Williston, Contracts (Rev. ed. 1936) § 18.

The will to be construed is that of Alice D. Perault, who died on November 29, 1942. The will was unskilfully drawn. Uncertainty as to its construction arises mainly because of the fact that Josephine Perault, a sister of the testatrix, died four years before the death of the testatrix.

The first paragraph of the will was as follows: "If my sister Josephine Perault shall survive me, I give her all of my estate, real and personal, wherever situated, but in trust nevertheless, the Harvard Trust Company, a banking corporation of Cambridge, Mass. to be the trustee, and the said trustee is hereby directed to pay the income which is received on my said estate to the said Josephine Perault during her lifetime." Then follow provisions for the continuance of the trust until the youngest child of Corinne G. Dansereau, Marcelline A. Dansereau, who is now only seventeen, shall attain the age of twenty-one years, at which time the entire estate is to be divided equally between Corinne G. Dansereau and her children.

Corinne G. Dansereau contends that all the testamentary dispositions were conditional upon the survival of the testatrix by Josephine Perault, and that since there was no such survival the entire estate should be distributed to her under the laws of intestacy. *Damon* v. *Damon*, 8 Allen, 192. *Bobblis* v. *Cupol*, 297 Mass. 164. Her children contend that they are entitled to share in a distribution to be made when Marcelline A. Dansereau shall attain the age of twenty-one years.

It is always improbable that a testator who goes to the trouble of making a will intends that in a contingency not unlikely to happen his property is to be distributed under the laws of intestacy. The natural inference is that a testator intends to dispose of his property completely by the will. *Old Colony Trust Co.* v. *Treadwell*, 312 Mass. 214,

216.  *O'Neill* v. *Connelly*, 312 Mass. 508, 511.  *Robertson* v. *Robertson*, 313 Mass. 520, 525.  *Holmes* v. *Welch*, 314 Mass. 106, 109.  And since a will speaks "the language of the testator at the time of his death" (*Gray* v. *Sherman*, 5 Allen, 198, 199), it is particularly unlikely that the testatrix in this case would leave as her last will a document that four years before her death had ceased to have meaning or effect if the construction contended for by Corinne G. Dansereau were to be adopted.

These improbabilities would cease to exist if the conditional clause that begins the first paragraph, "If my sister Josephine Perault shall survive me," should be read at the end of that paragraph instead of at its beginning.  By that transposition the whole will would become complete, natural and comparatively plain.  It is settled that such a transposition of clauses may be made where upon the whole will that appears to accord with the intention of the testator. *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370, 376, 377.  *Claflin* v. *Ashton*, 128 Mass. 441, 443.  *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 98.  *Thissell* v. *Schillinger*, 186 Mass. 180, 185.  *Renwick* v. *Macomber*, 225 Mass. 380, 384.  *Miller* v. *Parish of the Epiphany, Winchester*, 302 Mass. 323, 326.  *Boston Safe Deposit & Trust Co.* v. *Doolan*, 307 Mass. 233, 238.  *Sears* v. *Childs*, 309 Mass. 337, 344.  Jarman, Wills (7th ed. 1930) 570, et seq. Where as here the draftsmanship is poor, and the grammatical construction confused, such a transposition is especially permissible.  *Huntress* v. *Allen*, 195 Mass. 226, 234.  See also *Lamb* v. *Jordan*, 233 Mass. 335, 340; *Old Colony Trust Co.* v. *Molleson*, 315 Mass. 584.

We think that the testatrix did not intend to make all her testamentary dispositions conditional upon the survival of Josephine Perault.  The testatrix intended merely to make the equitable life estate given to Josephine depend upon her survival.  The contention of the respondent children of Corinne G. Dansereau appears to us correct.  There is nothing in her "motion for revision of report of material facts."

*Decree affirmed.*