FRANCES SHERIDAN BALCOM & another, administrators, *vs.* FRANCES SHERIDAN BALCOM, individually, & others.

Middlesex.    November 8, 1955. — February 23, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Devise and Legacy*, Construction correcting defective expression, Construction of particular phrase, Intestacy.

It is proper within reasonable limits to remedy a defect in the expression of a will in order that the testator's intent manifest from the will as a whole may be effected.  [601–602]

Construing as a whole the will of a testator which, after bequeathing all his property to his second wife, by whom he had two of his three children, and declaring that his failure to make any provision for his children was intentional, contained a clause providing "Should death occur to us both at the same time . . . [my property] is to be divided equally between our two children," it was evident that a division of the property among all three children was not intended by the testator and that the condition on which he intended his property should go to the two children was that his wife should not be living at the time of his death; and to effect his intent and avoid an intestacy upon his death many years after that of his wife, such clause should be taken as though it read "Should at the same time death have occurred to us both . . . [my property] is to be divided equally between our two children," and those children were entitled to the property to the exclusion of the third child.  [602]

PETITION for instructions, filed in the Probate Court for the county of Middlesex on January 28, 1954.

The case was heard by *Monahan*, J.

*Lee M. Friedman*, for the respondent Evelyn Sheridan Pierce.

*William I. Randall*, (*Arthur M. Mason* with him,) for the respondent Frances Sheridan Balcom.

*Richard L. Wilder*, for the respondent Warren Sheridan.

WILLIAMS, J.  The administrators with the will annexed of the estate of William L. Sheridan, late of Holliston, ask to be instructed as to the distribution of the assets of the estate remaining after the payment of debts and expenses.

The testator died on July 13, 1953, leaving a will dated January 12, 1942, which read as follows: "First; I direct my executrix to pay all my just debts and funeral expenses without unnecessary delay after my decease.  Second; All the property both real and personal then remaining of which I shall die seized or possessed or to which I shall be in any way entitled at the time of my decease, I give, devise and bequeath to my wife, Laura Augusta Sheridan, to be hers absolutely and in fee simple.  Third; The failure to make any provision for my children is intentional and is not caused by accident or mistake.  Fourth; Should death occur to us both at the same time, what then remains is to be divided equally between our two children, Frances Sheridan Balcom and Warren Sheridan.  Should they be married does not alter this my last will in any way.  I nominate and appoint my wife, Laura A. Sheridan, to be the executrix of this my last will and testament and direct that she be exempt from giving any surety on her official bond."

The testator's wife Laura died on April 17, 1942.  He left three children, the respondent Evelyn Sheridan Pierce of Palm Springs, California, a daughter by a former marriage, and the respondents Frances Sheridan Balcom and Warren Sheridan who are the children of his marriage with Laura.  It is agreed that he had not seen Evelyn or "been in contact" with her "for a number of years" preceding the drawing of the will and that the will was drawn by one Charles T. Potter "who was not an attorney."  Evelyn appeals from a decree of the Probate Court instructing the administrators to distribute the estate in equal shares to Frances and Warren.

The appellant contends that the bequest to the children of Laura was conditioned on the event of their parents dying at the same time, and that as this condition has not been fulfilled the estate must be divided among all three children.  It seems plain that division of his estate among

the three children was not intended by the testator.  He first declared in the third clause of the will that his failure to provide for his children was intentional.  Where in the following clause he provided for the division of his property equally between Frances and Warren, not only did he omit to mention the third child, Evelyn, but under G. L. (Ter. Ed.) c. 190A, § 5, inserted by St. 1941, c. 549, § 1, he deprived her of the share in his estate to which, on the simultaneous death of him and his wife, she would otherwise be entitled.  The troublesome question is whether that clause can reasonably be construed to mean that the two named children were to take if the testator's wife died not at the same time but before him.  As he evidently intended that these children should succeed to his property, although conditionally, it would be strange if he intended to make their inheritance depend on the remote contingency that he and his wife should die simultaneously.  Except for the possible impact of c. 190A, their simultaneous deaths would be of no reasonable consequence to him.  See *Wing* v. *Rogers,* 149 Maine, 340, 348; *In re Estate of Trager,* 413 Ill. 364, 374. It is to be presumed that in making his will he intended to dispose of all his property and did not intend that it should be distributed under the laws of intestacy.  *Old Colony Trust Co.* v. *Treadwell,* 312 Mass. 214, 216.  *Dansereau* v. *Dansereau,* 318 Mass. 363, 364–365.  The construction for which the appellant contends would result practically in a complete intestacy and ought not to be adopted unless plainly required.  *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 412.

From consideration of the entire will it seems to us that the condition on which the testator intended that his property should go to his two children was that his wife should not be living at the time of his death.  In order to effect such intent we may within reasonable limits supply by implication a defect in its expression.  *Metcalf* v. *First Parish in Framingham,* 128 Mass. 370, 374.  *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152 Mass. 95, 100.  *Child* v. *Child,* 185 Mass. 376, 378.  Grammatical construction may be altered, sentences and words transposed, and words supplied if neces-

sary to give effect to the manifest intent. *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 98. *Renwick* v. *Macomber*, 225 Mass. 380, 384. *Sears* v. *Childs*, 309 Mass. 337, 344. *Dansereau* v. *Dansereau*, 318 Mass. 363, 365. The significant words in the clause under consideration are "occur" and "at the same time." The time to which reference is made necessarily means the time when the testator shall die. By a transposition of words and a change of tense the clause will read, "Should at the same time death have occurred to us both." It will then plainly express the meaning which we attribute to the testator. Support for such change to assist construction is found in similar cases from other jurisdictions. In *In re Bien's Will*, 41 N. Y. Sup. (2d) 138, the testatrix left all her property to her husband and then provided "that in the event . . . [he] die by reason of any disease, pestilence or disaster common to both him and me, then I give . . . ." The husband died eleven years before the testatrix. It was held that the will should be construed as if the words "should not survive me or should" were interpolated before the word "die." In *Matter of Hardie*, 176 Misc. (N. Y.) 21, it was held that by the provision of his will "In the event that my said wife . . . shall die simultaneously with me, or her death closely follow my demise . . . then . . ." the testator intended the gift over to become effective "in the event that he and his wife died simultaneously or in the event that she predeceased him." See also *In re Rentall's Will*, 60 N. Y. Sup. (2d) 646; *Wing* v. *Rogers*, 149 Maine, 340. In *Russell* v. *Russell*, 16 N. J. Super. 589, where the language of the will was "In the event that my said wife . . . and I should died (sic) at or about the same time, then I give . . ." it was held that the words "or my said wife should predecease me" would, by implication, be supplied.

It is the opinion of a majority of the court that the meaning which we ascribe to the questioned clause is rationally to be implied from the language used by the testator and will serve to make effective his dominant purpose.

*Decree affirmed.*