GEORGE F. CHILD & another, executors, *vs.* GEORGE F. CHILD & others.

Suffolk. December 10, 1903. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Devise and Legacy. Words, "Such of."*

In construing a will omitted words cannot be supplied unless it is plain from the words used what words were omitted. Thus if a testator provides that on the death of his widow the residue of his estate shall be distributed among "such of" a brother and two sisters and the children of a deceased sister, the court will not undertake to complete a sentence of limitation by conjecture.

A testator devised and bequeathed the residue of his estate to trustees in trust for the benefit of his wife during her life, and then to "pay over, transfer and convey" the trust estate "to and among such of my brother and sisters, L., S. and F., and the children of my sister M., deceased (said children of M. to take the parent's share by right of representation), and in case my said brother F., or either of my said sisters, or any of said children of M., deceased, above mentioned die in my lifetime, or before said trust shall terminate, leaving children, such children shall take the parent's share by right of representation." *Held*, that

the remainders were vested, and that the persons to whom the estate was to be distributed on the death of the testator's widow were to be ascertained as of the time of the testator's death.

BILL IN EQUITY, filed April 7, 1903, by the executors under the will of Samuel G. Child, late of Boston, praying that it might be decreed that Samuel G. Child at the time of his death had a vested interest in the trust created by article twelve of the will of James Guild, and that the sum of $7,500, being the proceeds of the sale of such interest, should be paid to the plaintiffs as executors under the will of Samuel G. Child; also that the plaintiffs might be released and discharged from the agreement and bond mentioned below.

The case came on to be heard upon the bill and answer before *Morton*, J., who, at the request of the parties, reserved it for determination by the full court, such decree to be entered as equity and justice might require.

The following facts appeared by the record :

James Guild by the twelfth article of his will devised and bequeathed the residue of his estate to trustees in trust (in the event which happened) to his wife for life, and then to "pay over, transfer and convey" the trust estate " to and among such of my brother and sisters, Louisa Guild, Sarah Ann Chandler and Frederic Guild, and the children of my sister Mary D. Child, deceased (said children of Mary D. to take the parent's share by right of representation), and in case my said brother Frederic, or either of my said sisters, or any of said children of Mary D. Child, deceased, above mentioned die in my lifetime, or before said trust shall terminate, leaving children, such children shall take the parent's share by right of representation."

The children of Mary D. Child at the date of the death of the testator, James Guild, were Mary L. E. Bush, Franklin D. Child, George F. Child, Sophia C. Harbeck and Samuel G. Child, the testator of the plaintiffs in the case at bar. Samuel G. Child died during the lifetime of the life tenant, unmarried and without issue. Franklin D. Child conveyed his interest to George F. Child. George F. Child, Mary L. E. Bush and Sophia C. Harbeck claimed to be entitled to the whole trust estate.

The plaintiffs signed an agreement to transfer the $7,500 to the defendants if Samuel G. Child did not have a vested inter-

est, and gave a bond to the judge of probate binding themselves to transfer the $7,500 to themselves as executors if Sămuel G. Child had a vested interest.

*C. E. Hellier*, for the plaintiffs.

*A. E. Denison & W. S. Campbell*, for the defendants.

LORING, J. It is plain that if the words "such of" had not been inserted in the twelfth clause of the will, the plaintiffs' testator would have had a remainder vested subject to be divested by his dying leaving issue him surviving at the date of his decease.

It is also plain that a mistake has been made in drafting the will. The sentence and limitation which were begun by the words "such of" stand unfinished and incomplete.

And finally it is plain that the mistake was either in the insertion of these words or in the omission of the description and limitation begun by them.

The surviving children of Mary D. Child, who are the defendants here, ask us to hold that the mistake consists in omitting the rest of the sentence, and to correct the mistake by reading into this article of the will the words "as survive my wife," or their equivalent.

The leading case in this Commonwealth on supplying words in a will is *Metcalf* v. *Framingham Parish*, 128 Mass. 370, which has been often cited and followed. It is not the province of the court to conjecture what the intention of the testator would have been had the omission been called to his attention. It is the more restricted duty of ascertaining his intention by construing the words which he has used and of supplying the words which the court finds necessary to express that intention fully. It cannot supply words to give effect to an intention which he has not expressed by the words used by him. In construing the particular words in question they are to be construed in the light of the will as a whole; see *Bradlee* v. *Andrews*, 137 Mass. 50, 53; *Towle* v. *Delano*, 144 Mass. 95, 99; see also Lord Halsbury in *Inderwick* v. *Tatchell*, [1903] A. C. 120, 122. Or, as it was well put by V. C. Page Wood in *Hope* v. *Potter*, 3 Kay & Johns. 206, 209, 210, cited and relied on by the defendants, words can be supplied only where it is plain by necessary implication what the words to be supplied are.

If we pass by the difficulty that it is no more than a conjecture whether the mistake in the case at bar consists in leaving in the words " such of " or in leaving out the dependent clause, and assume in favor of the defendants from the presence in the will of the words " such of " that the mistake consists in the omission of the dependent clause, it is a matter of conjecture what the omitted dependent clause is. It must be gathered from the gift over contained in the following sentence, the sentence with which the article ends, construed in the light of the rest of the will. This sentence makes provision for the brother or any of the sisters, or any of the children of the deceased sister Mary " leaving children," in case they die either during the lifetime of the testator or during the continuance of the trust for the life tenant, and the provision made is that " such children shall take the parent's share by right of representation." Judged by this sentence, the omitted clause was to confine the provision made by it to the class consisting of the brother, the sisters, and the children of the deceased sister Mary who did not die leaving children; but there is nothing to indicate by necessary implication (to use the phrase used by V. C. Page Wood) that the prior gift to the class above named was to such of that class as survived the duration of the trust for the life tenant, and did not include all of the class who survived the testator and who subsequently died leaving no children them surviving at the date of their several deaths. It is at least a matter of conjecture which of these two was the provision contained in the omitted clause, and for that reason no missing words can be supplied.

Indeed if we were at liberty to indulge in conjectures of this kind, it is at least as probable that the omitted clause did include those surviving the testator and dying not leaving children at the date of their several deaths. The gift over is a gift to take effect in case the brother or any sister or any child of the deceased sister Mary should die " in my lifetime, or before said trust shall terminate," and the omitted clause (following the lines of the following sentence containing the gift over) may well have been a clause which together with the words of the will gave the remainder to " such of my brother and sisters and children of my deceased sister as shall have survived me and

shall not die leaving children before the termination of the trust."

The case principally relied on by the defendants is *Donnell* v. *Newburyport Homœopathic Hospital*, 179 Mass. 187. That is a case where there was a gift over by way of substitution, and the gift over was not commensurate with the previous gift; it was held that the gift over was to be cut down to fit the previous gift.

A decree must be entered declaring that Samuel G. Child had a vested interest in the land described in the bill of complaint, and directing the $7,500, the proceeds of the sale of the interest of Samuel G. Child, to be transferred to the plaintiffs as executors.

*So ordered.*