ETHEL B. LAMB *vs.* ROBERT F. JORDAN & another,
executors, & others.

Suffolk.    May 19, 1919. — June 25, 1919.

Present: RUGG, C. J., DE COURCY, PIERCE, & CARROLL, JJ.

*Devise and Legacy,* Residuary clause.   *Evidence,* Extrinsic affecting writings.

Commonly a devise or legacy upon condition that the beneficiary shall not contest
the will is the full expression of testamentary bounty for such beneficiary.

A testator, having two grandchildren who were children of a deceased daughter,
two others who were children of a deceased son, and four daughters, made a
will, which, besides a first clause as to the payment of debts and a sixth clause
as to the nomination of executors, contained four clauses, a second and a third
clause each giving, respectively, a legacy of $500 to one of the children of the
deceased daughter "upon the expressed condition that" the grandchild named
should "not contest this will" and providing that, in case of such contest, such
contestant "takes nothing." The fourth clause placed in trust for the children
of the deceased son "a sum equal to the amount that my said son would have re-
ceived had he been living at the time of my death, the income or what ever part
thereof that said trustees shall deem necessary, to be paid said children in equal
part, and said principal to be paid to the said children as they arrive at the
age of Thirty five. In the event of either of them dying before reaching said
age, and not having married, then his part shall go to the survivor." The
fifth clause gave the residue "to my children share and share alike, the children
of my deceased children to take by right of representation, subject to the con-
ditions heretofore set forth." The same beneficiaries were living at the death
of the testator as were living when the will was made. There was no contest as
to proof of the will. On a bill in equity by one of the children of the deceased
daughter, seeking a construction of the will, it was *held,* that

   (1) The "sum equal to the amount that my said son would have received
had he been living at the time of my death," which was placed in trust for
that son's children under the fourth clause of the will, was not a sum equal to
what the son would have received had he survived his father and his father
had died intestate, but was the sum given by the fifth clause of the will;

   (2) The sum thus given by the fifth clause to the children of the testator's
deceased son, being given "subject to the conditions heretofore set forth," was
subject to the provisions of the trust set out in the fourth clause;

   (3) Under the provision of the second and third clauses, the children of
the deceased daughter were excluded from sharing under the fifth, or residue,
clause.

While the decision of all questions respecting the construction of a will depends
upon the intention of the testator as manifested by the words he has used and
an omission to express his intention cannot be supplied by conjecture, yet, if
a reading of the whole will produces a conviction that the testator must neces-
sarily have intended the giving of an interest which is not given by express and

formal words or the denial of a benefaction which is not manifested by an apt phrase, the defect must be supplied by implication and the language used by the testator so moulded as to carry into effect, so far as possible the intention which by his whole will he has sufficiently declared.

The meaning of the will above described was not ambiguous, and extrinsic evidence was not admissible upon the question of the testator's intent.

BILL IN EQUITY, filed in the Probate Court on August 19, 1918, by Ethel B. Lamb, a beneficiary under the will of William McKie, late of Winthrop, for a construction of the will.

The provisions of the will are described in the opinion.

The suit was heard in the Probate Court by *Grant*, J., and by his order a decree was entered that "William H. Rome, Ethel B. Lamb, William McKie, and Edward McKie, take only under clauses two, three, or four of said will and are excluded from the terms of the residuary clause." Ethel B. Lamb appealed.

The appeal was heard by *Crosby*, J. Certain letters and other evidence, extrinsic to the will, were offered in evidence and excluded by the single justice, who made the following rulings:

"The question is whether William H. Rome and Ethel B. (Rome) Lamb, grandchildren of the testator, mentioned, respectively, in the second and third clauses, also take under clause five, the residuary clause of the will. Neither of the above-named grandchildren contested the will, which was duly allowed by the Probate Court for the County of Suffolk.

"In my opinion the language of the will is clear and free from ambiguity, and extrinsic evidence to show the intent of the testator is immaterial and inadmissible.

"It seems plain that if either of these grandchildren contested the allowance of the will, they were to take nothing either under the second and third clauses or under the residuary clause. As they did not so contest, I find and rule that they respectively take under the second and third clauses and also under the residuary clause.

"The provision in the residuary clause that the devises therein given are 'subject to the conditions heretofore set forth' relates only to the conditions contained in the second and third clauses, namely, that if either grandchild contests the will the grandchild so contesting shall take nothing under either clause.

"I also rule that the grandchildren William McKie and Edward McKie, children of Eldred E. McKie, deceased, are beneficiaries

under clause four, and also take under the rest-and-residue clause."

A final decree was entered, reversing the decree of the Probate Court and remanding the case to that court for further proceedings, in accordance with the order of the single justice, from which the other beneficiaries under the will appealed.

The case was submitted on briefs.

*J. S. C. Nicholls & W. W. Risk,* for the plaintiff.

*R. H. Sherman,* for the defendants.

RUGG, C. J. This petition calls for the construction of the will of William McKie, late of Boston. The testator was a widower about seventy-five years old at the time of its execution. His prospective heirs were two grandchildren, William and Edward McKie, minor children of his deceased son, Eldred, two other grandchildren, William H. and Ethel B. Rome, then aged respectively about twenty-five and twenty years, children of his deceased daughter Belle, and four daughters, one a spinster, one a widow, and two married. These persons all survived him, are beneficiaries under the will, and are parties hereto. The will contains six clauses. The first relates to the payment of debts and the last nominates executors. These have no pertinency to the present litigation and need not be considered further. The controversy is confined to the other four clauses, which are in these words: "Second. To my grandson William H. Rome, Jr. Five hundred dollars upon the expressed condition that he shall not contest this will. If he does contest then he takes nothing. Third. To my granddaughter, Ethel B. Rome, Five Hundred Dollars upon the expressed condition that she does not contest this will. If she does contest then she takes nothing. Fourth. To Robert F. Jordan and Millie W. McKie in trust for my grandchildren, sons of my deceased son Eldred E. McKie, a sum equal to the amount that my said son would have received had he been living at the time of my death, the income or what ever part thereof that said trustees shall deem necessary, to be paid said children in equal part, and said principal to be paid to the said children as they arrive at the age of Thirty Five. In the event of either of them dying before reaching said age, and not having married, then his part shall go to the survivor. Fifth. All the rest, residue and remainder of all my estate, real, personal and

mixed, I give, devise and bequeath to my children share and share alike, the children of my deceased children to take by right of representation, subject to the conditions heretofore set forth." The Rome grandchildren did not contest the will.

Clauses second and third, considered by themselves, are plain. Each gives a definite legacy of $500 upon the explicit prerequisite that the legatee shall not contest the will. Otherwise such legatee is to take nothing under the will. Each of these clauses is complete in itself. Each has the appearance of finality. Commonly a devise or legacy upon condition that the beneficiary shall not contest the will is the full expression of testamentary bounty.

The meaning of clause fourth is not doubtful. Its rational purport is to put the two McKie grandchildren in the place of their father so far as concerns the total amount for their benefit, but to give it in trust with right of survivorship in case of the death of either unmarried before reaching the age of thirty-five years. It is to be observed that this clause does not say that these grandchildren are to receive the share which their father would have received had he survived the testator and the latter had died intestate. Its terms are that there shall be given to trustees "a sum equal to the amount that my said son would have received had he been living at the time of my death." That amount is not determined by the share he would have received in the event of intestacy of his father. It is determined by the amount which would have come to him under the will. That this is its meaning is made clear from the following clause fifth. This is a residuary clause in which no person is named but in which the beneficiaries are indicated by reference to classes of relatives. Manifestly all his children living at the time of the testator's death are included. If his son Eldred had been living, of course he also would have been included within the scope of the words used. Since he had died previously, his share is to go to his two children by right of representation. However, it does not go to them as a free and absolute gift, because it is "subject to the conditions heretofore set forth," that is to say, the conditions as to survivorship and trust which are contained in clause fourth. While these perhaps are not conditions in the narrowest and most technical sense, they are limitations upon full enjoyment and in a general and popular signification may properly be

described as conditions. Any other construction would involve giving to the McKie children a double share in the grandfather's estate to the detriment of his own surviving children, a result not naturally to be reached without unambiguous expression of purpose.

The Rome grandchildren are excluded from sharing in the residue for two reasons. (1) In the first place the natural inference from the form of words used in clauses second and third is that the legacy given in each of these clauses is the complete expression of the design of the testator for the benefit of these legatees. When a testator makes a gift to one of his next of kin on the express condition that he shall receive nothing if he publishes his disappointment by making contest as to the validity of the will, that usually is a full and consummated statement of testamentary purpose. That is the impression conveyed by the words used in clauses second and third. (2) In the second place, this interpretation is the only one which imputes intelligence to the testator in phrasing these clauses. If the Rome grandchildren are included among those who are to share in the residue of the estate, then the $500 given to each by the second and third clauses would be a gift of that sum more than would be received by any other next of kin of equal degree or than would be received by the Rome grandchildren if they should contest the will successfully. It would be a gratuity of $500 more than they possibly could get in any other way, upon the express condition that each one does not contest the will. It would be a gift to induce them not to do something which no rational person would think of doing. Such a provision would be without sense. It would have no foundation in reason. Such vacuity of mind cannot be attributed to the testator unless there is no escape from it.

Clause fifth is not couched in accurate or felicitous language. Its construction is not free from difficulty. But the necessary meaning seems to us to be that which we have stated. By giving to the words "subject to the conditions heretofore set forth" a narrowly constricted and somewhat technical construction, by unduly enlarging the scope of the phrase "the children of my deceased children to take by right of representation" beyond the limitations imposed by their context, and by ignoring the normal

inferences and eliding the irresistible deduction from the expressions of clauses second and third, the conclusion might be reached that both the Rome and the McKie grandchildren share in the residue. But we think that would be contrary to the intent of the testator as manifested by his whole will. That instrument should be read as a unit and all its clauses harmonized one with the others so as to constitute a rational entity so far as is consistent with the words used.

The decision of all questions respecting the construction of wills "depends upon the intention of the testator, as manifested by the words that he has used, and an omission to express his intention cannot be supplied by conjecture. But if a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words," or a benefaction to be denied which is not manifested by an apt phrase, "the court must supply the defect by implication, and so mould the language of the testator as to carry into effect, as far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared." *Metcalf* v. *Framingham Parish,* 128 Mass. 370, 374. *Polsey* v. *Newton,* 199 Mass. 450. *Jones* v. *Gane,* 205 Mass. 37, 44. The application of that principle leads to the conclusion which has been stated.

Extrinsic evidence to show the intent of the testator and to explain the will was inadmissible.

The result is that the decree is reversed and a decree is to be entered to the effect that the Rome and McKie grandchildren take only under clauses second, third and fourth and are excluded from benefits under clause fifth. Costs as between solicitor and client are to be allowed out of the estate, the amount to be determined by a single justice.  *So ordered.*