THOM A. BAILEY & another, trustees, *vs.* WALTER S. BAILEY, adminstrator, & others.

Essex. May 17, 1920. — June 24, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Devise and Legacy.*

While, if a will in its entirety produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the court must supply the defect by implication and so mould the language of the testator as to carry into effect as far as possible the intention sufficiently declared by the whole will, the intent which calls for the application of such a rule must be one appearing from the provisions of the will and cannot be one founded on a contention based merely upon silence, conjecture or the relationship of the parties.

A widower having three sons, the first of whom had married against his wishes and was childless and under a conservatorship, made a will establishing a trust fund, the income of which was to be paid to the conservator of the first son during that son's life, and at that son's death, one half of the principal was to be given to the testator's heirs at law, the income of the other half of the principal to be paid to the first son's widow so long as she remained single. If, at the death of the first son, he left no widow, but did leave children surviving him, the fund was to be paid to the children; and if, at the death of that son, he left no widow nor children surviving him, the fund was to be given to persons named in a subsequent clause disposing of all the residue of the estate. Sixteen months after the will was made and four years before the testator's death, a daughter was born to the son in question. That son died after the testator, leaving a widow and the daughter surviving him. Subsequently the widow died, leaving the daughter surviving. Upon a bill in equity for instructions, filed by the trustee after the death of that son's widow, it was *held*, that

(1) There was nothing in the will that made certain what the testator intended should be done with one half of the trust fund upon the death of the widow of the son under conservatorship following the son's death leaving surviving him both the widow and a child;

(2) Such an intent could not be supplied;

(3) The one half of the fund in question must be disposed of under the will as residuary estate.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 3, 1919, by the trustees under the will of John Bailey, late of Haverhill, for instructions.

A guardian *ad litem* for Wilma F. Bailey, minor grandchild of the testator, was appointed.

The suit came on to be heard by *Carroll,* J., upon the pleadings and an agreed statement of facts and by him was reserved for determination by the full court.

The case was submitted on briefs.

*F. H. Tilton, C. E. Sawyer & W. G. Cogswell,* for the defendants.

*R. F. Metcalf,* guardian *ad litem,* for Wilma F. Bailey.

JENNEY, J. John Bailey died on November 10, 1916, leaving a will dated July 1, 1911, which has been duly admitted to probate. When the will was made, his wife was not living and he had three sons, Alden C., Walter S. and Thom A., all of whom survived him. Walter and Thom are still living. Alden died on December 7, 1916, leaving a widow and one child, Wilma F. Bailey, born more than sixteen months after the making of the will and four years before the death of the testator. Alden had no issue living when the will was made. His widow died on January 30, 1919, never having remarried. His marriage was against the wishes of the testator who never became entirely reconciled thereto. At the time the will was made, a conservator of the property of Alden had been appointed, and this conservatorship continued until the testator's death. The will was drafted by an "attorney at law who had then had over twenty years' experience" in general practice. The material parts of the will are:

"First. I give and bequeath to Thom A. Bailey, Volusien M. Bourneuf, and Fred S. C. Grover all of said Haverhill the sum of fifteen thousand dollars ($15,000) in trust nevertheless for the following purposes: To safely invest said sum of money and pay the income thereof to the conservator of my son, Alden C. Bailey, to be used for the benefit of my said son for his support and maintenance during the natural life of my said son. At the death of Alden C. Bailey I direct my said trustees to pay one-half of the fund then remaining in their hands to the persons who shall then be my heirs at law in equal shares; and I direct my said trustees to pay the income of the other half of said fund to the

widow of said Alden C. Bailey then surviving as long as she remains single. If at the death of said Alden C. Bailey he shall leave no widow, but shall leave children surviving him then and in that case I direct my said trustees to pay over said fund in equal shares to said children or the guardians of any who may be minors at that time. In case at the time of the death of Alden C. Bailey he shall leave no widow or children surviving him then, and in such case, I direct my said trustees to pay the amount of said fund to the parties entitled to the residue of my estate under this will."

"Fourth. I give and bequeath to each one of my grandchildren who may be living at the time of my decease, the sum of one hundred dollars ($100.00).

"Fifth. All the rest, residue and remainder of my estate, I give, bequeath and devise to my two sons, Walter S. Bailey and Thom A. Bailey in equal shares.

"To Have And To Hold to them, their heirs, executors, administrators and assigns forever."

Upon the death of Alden, one half of the trust fund provided for in the will was paid to the testator's sons, Walter and Thom, and to the guardian of his granddaughter Wilma, in equal shares.

The question here presented arises on the bill in equity brought by the present trustees under the first paragraph of the will for instructions as to the disposition of the remainder of the property held by them in trust. The terms of the will are definitely phrased. On the death of Alden leaving no widow, but leaving children, the trustees were directed to "pay over said fund" to his children. If he died leaving "no widow or children surviving him," then the trustees were directed to pay the same to "the parties entitled to the residue of my estate under this will." No direct provision was made for the contingency that has arisen, namely, the death of Alden leaving a widow and child. Such children only were to benefit by direct designation when Alden left no widow. Alden's child was entitled to receive, and did receive, on his father's death as one of the testator's heirs at law, her share in one half of the trust fund. In the first clause, the testator had in mind all those interested in his estate in the absence of any will. This clause contains provisions, upon the death of Alden, for his heirs at law. He did not forget that Alden

might leave issue and, in one contingency, gave to them the property here involved. He remembered his residuary legatees, who took under this clause in case Alden left neither children nor widow, and who were, excepting Alden, the testator's only issue. With all these clearly in mind, he omitted to provide what should become of the trust property upon the death of Alden's widow. While it is true that the will does not definitely provide for contingencies which well might have been in the mind of its maker, it cannot be construed as creating an interest other than those manifested by its terms or necessary in order to carry its provisions into effect. If the "whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the court must supply the defect by implication, and so mould the language of the testator as to carry into effect, as far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared." *Metcalf* v. *Framingham Parish,* 128 Mass. 370, 374. *Old Colony Trust Co.* v. *Sargent,* 235 Mass. 278. But the intent so to be carried into effect must be one which appears from the terms of the instrument and not one founded on a construction based merely upon silence, conjecture or the relationship of the parties. *Nickerson* v. *Bowly,* 8 Met. 424. *Jones* v. *Gane,* 205 Mass. 37, 44.

The only limitation to the children of Alden was in case he left no widow. The case is within the reason of *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65, 70, where it is said: "The bequests to his grandchildren are expressly made to depend upon a contingency which has not taken place; he has manifested no intention to make them independent of that contingency; and the court has no right to take away limitations which he chose to put upon his bounty." See also *Child* v. *Child,* 185 Mass. 376; *Sanger* v. *Bourke,* 209 Mass. 481, 486. There is nothing in the will that makes it certain what the testator desired to do in the contingency that has arisen. Hence the principle enunciated in *Metcalf* v. *Framingham Parish, supra,* and approved in the cases printed in a footnote,* does not apply.

---

* *Phelps* v. *Phelps,* 143 Mass. 570. *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152 Mass. 95. *Child* v. *Child,* 185 Mass. 376. *Sanger* v. *Bourke,*

It follows that Walter S. Bailey and Thom A. Bailey, the residuary devisees named in the will, are entitled to the property now held by the plaintiffs in trust, that the trustees should be instructed to pay the same to them in equal shares, and that the decree of the Probate Court should be reversed. The question of allowance to the guardian *ad litem* of Wilma F. Bailey is to be settled by a single justice.

*Ordered accordingly.*

---

209 Mass. 481.  *Stearns* v. *Fenno*, 227 Mass. 247.  *Lamb* v. *Jordan*, 233 Mass. 335.