MARJORIE C. ALFAU & another, trustees, *vs.* JAMES R. MILLER & others.

Hampden. February 8, 1940. — September 12, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Devise and Legacy,* Remainder. *Trust,* Construction.

Upon construction of an entire will in the light of material circumstances surrounding its making, there was not disclosed an intention of the testator that the principal of a trust fund established for the benefit of his grandson should be paid to the grandson when he became thirty years of age, although the will provided that on that date "this trust shall terminate" without specific provision as to the disposition of the fund; and consequently on that date the fund became a part of a residuary trust established by the next clause of the will, one third of the principal of which was directed to be given to the grandson on that date.

PETITION, filed in the Probate Court for the county of Hampden on May 24, 1939.

The case was heard by *Denison, J.*

*R. W. Crowell,* (*D. B. Wallace* with him,) for the respondent James R. Miller.

*J. H. Jones*, guardian *ad litem, pro se*, submitted a brief.

DOLAN, J.  This is a suit in equity in which the petitioners, who are the trustees under the will of Edward M. Coats, late of Springfield, deceased, seek instructions as to the distribution of a trust fund held by them under the eighth clause of the will.

The evidence is not reported and the judge made no report of material facts.  However, the following facts are stated, either expressly or by necessary inference, in the briefs of the parties.  The testator, whose will is dated November 26, 1926, died on January 19, 1927, leaving an estate consisting entirely of personal property of the value of $374,815.62.  The daughter of the deceased, Marjorie C. Alfau, one of the petitioners, and called in the will Marjorie C. Holmes, was at one time the wife of one Miller. The respondent James R. Miller, described in the will as the testator's grandson, is her son.  She has no other issue. Miller has two minor children.  Since the case has been argued upon the assumption that these are. facts and we are satisfied that the decree must be affirmed, we deal with the case as the parties have presented it.  See *Old Colony Trust Co.* v. *Shackford*, 291 Mass. 361, 362.

The petition was taken as confessed against Marjorie C. Alfau individually and against Edwin F. Hewins, referred to in the will as a nephew of the testator.  A guardian *ad litem* and next friend was appointed to represent the interests of the minor children of Miller and Hewins and to represent persons unborn and unascertained who are or who may become interested in the subject matter of the petition.

After providing for certain pecuniary legacies and (clause 5) for a trust whereunder the interest on a certain mortgage note was to be paid to his brother during his life as received by the trustees, without provision for the disposition of that trust estate upon his brother's death; and (clause 6) for a trust fund of $20,000 for the benefit of his brother for life, which upon his death was to fall into the residuary trust created by the ninth clause of the will; and (clause 7) for a trust fund of the same sum for the

benefit of his sister for life, with a gift over to his nephew Edwin F. Hewins, or, in the event that he predeceased the testator's sister, to Hewins's issue, and, should he die leaving no issue, to be added to the residuary trust estate, the testator further provided as follows: "8. I give and bequeath to the said Springfield Safe Deposit and Trust Company and said Marjorie C. Holmes the sum of seventy-five thousand (75,000) dollars, IN TRUST however for the following uses and purposes, to wit: To invest and reinvest the same and to pay over to my grandson, James R. Miller, the sum of thirty-six hundred (3600) dollars per annum, in equal quarterly instalments thereof until he shall reach the age of twenty-one years. When said James R. Miller shall reach the age of twenty-one years I direct my Trustees to pay over to him the sum of five thousand (5000) dollars per annum in equal quarterly instalments until he reaches the age of twenty-five years. When said James R. Miller shall reach the age of twenty-five years I direct my Trustees to pay over to him the entire income from this fund until he reaches the age of thirty years when this trust shall terminate. In the event that said James R. Miller shall die before reaching the age of thirty years, leaving issue, I direct that said principal fund of seventy-five thousand (75,000) dollars shall be paid over to his child or children in equal shares and this trust shall then terminate. In the event that said James R. Miller shall die prior to reaching the age of thirty years, without issue, I direct that this fund shall then be added to the principal fund provided in paragraph nine of this will.

"9. All the rest, residue and remainder of my estate of every kind and nature, both real and personal and wheresoever situate, I give, devise and bequeath to said Springfield Safe Deposit and Trust Company and said Marjorie C. Holmes IN TRUST however for the following uses and purposes to wit: To invest and reinvest the same and pay over to my said daughter, Marjorie C. Holmes, in quarterly instalments the income thereof until said James R. Miller shall reach the age of thirty years, when one-third of the principal fund established in this paragraph shall be paid

to him and the income accruing from the remaining two-thirds thereof shall be paid to my said daughter so long as she shall live. At the death of my said daughter, I direct my Trustees to pay therefrom the sum of twenty thousand (20,000) dollars to the children that may be born to my said daughter after the date of this will, in equal shares, and the balance of said trust fund I direct my said Trustees to pay over to my said grandson, James R. Miller, to have and to hold to him and his heirs forever. In the event that said James R. Miller shall not have reached the age of thirty years before the date of the death of my said daughter, I direct that the income thereof shall be allowed to accumulate until he reaches the age of twenty-five years and thereafter that the entire income shall be paid to him until he is thirty years old, my intention being that I desire my said grandson to have an income of thirty-six hundred (3600) dollars per year until he is twenty-one years old, an income of five thousand (5,000) dollars per year thereafter until he is twenty-five years old and the entire income from the trust funds under both paragraphs eight and nine of this will from the time he is twenty-five years old until he is thirty years old. In the event that said James R. Miller shall die prior to reaching the age of thirty years or prior to the death of his mother, leaving issue, I direct that this fund shall be paid over to such issue, share and share alike and this trust shall then terminate. In the event that said James R. Miller shall die prior to reaching the age of thirty years or prior to the death of his mother, leaving no issue I give, devise and bequeath the balance of the principal of this fund including any balance which may be transferred to it in accordance with paragraph eight herein to my said nephew, Edward F. Hewins, and if he shall not be living then I give, devise and bequeath the balance of the principal of this trust fund to the children of said Edward F. Hewins, share and share alike, and this trust shall then terminate."[1]

The judge entered a decree in which he found that the

---

[1] The eighth clause of the will consists of four paragraphs; the ninth clause of six paragraphs.

testator's grandson attained the age of thirty years on April 11, 1939, and "that it was the intention of the testator that in such event the principal of . . . [the trust fund in question] should be added to the residuary· trust established under the ninth paragraph [clause] of said will," and instructed and directed the petitioners to transfer and distribute "said trust fund" to themselves as trustees under the ninth clause of the will.

The case comes before us on the appeal of the testator's grandson (hereinafter referred to as the respondent), who contends that the testator intended him to receive the principal of the trust estate created by the eighth clause of the will when he reached the age of thirty years. The testator did not, however, provide in express terms that when the respondent became thirty years of age the trust fund should be paid to him, though he provided that the trust involved should then terminate, nor did he provide in express terms that, upon the happening of that event, the trust estate should be added to the residuary trust funds.

In *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, at page 100, it is said: "When the reading of a whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the court will supply the defect by implication, and so mould the language of the testator as to carry into effect as far as possible the intention which it is of opinion that he has on the whole sufficiently declared." See also *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370. But while "The court can . . . give effect to any intention of a testator which he has shown by the words that he has used, even though it has not been articulated in formal language . . . such an intention must appear from a perusal of the will itself. It cannot be inferred from mere silence . . .," *Springfield Safe Deposit & Trust Co.* v. *Dwelly*, 219 Mass. 65, 69–70, and cases cited, nor by conjecture nor from the relationship of the parties. *Bailey* v. *Bailey*, 236 Mass. 244, 247. *Wentworth* v. *Bell*, 249 Mass. 120, 122.

In the instant case the testator is silent as to the dispo-

sition of the trust fund created under the eighth clause of his will in the event which has now occurred. In this situation we cannot speculate as to his intentions. We are not here concerned with the presumption that when a person makes a will he intends to dispose of all his property and leave no intestate estate, *Bates* v. *Kingsley*, 215 Mass. 62, 63; *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 412; *Daley* v. *Daley*, 300 Mass. 17, 23, since the trust fund in question if not payable to the respondent will fall into the residuary trust created by the ninth clause of the will. See, however, *Shea* v. *Maitland*, 237 Mass. 221; *Springfield Safe Deposit & Trust Co.* v. *Dwelly*, 219 Mass. 65, and cases cited, where, under provisions of wills resembling somewhat those in the present case, notwithstanding that a partial intestacy resulted, it was held that an intention on the part of a testator to give something cannot be inferred from silence or founded on conjecture or extrinsic evidence. See *Abbott* v. *Williams*, 268 Mass. 275, 285.

The respondent Miller, however, has argued that the testator's dominant interest as evidenced by the will was in his grandson and that to adopt a construction of the will "which takes this fund of $75,000 from . . . [him] if he reaches the age of thirty, we must adopt the conclusion that the testator intended to prefer the children of the respondent over their father." We think that such a conclusion does not follow. The testator must have known that, if the respondent died before he became thirty years of age, any child or children of his would not be entitled to any interest in the residuary trust estate until the death of the testator's daughter. In thus providing in the particular event for any children of the respondent it seems clear that he was not preferring them to him, but rather was taking care to provide for them pending the termination of the residuary trust by the death of his daughter who might survive the respondent. In providing that upon attaining the age of thirty years his grandson was to receive one third of the principal of the large residuary trust estate, he must have appreciated that, instead of being then cut off by the termination of the trust under the

eighth clause of the will, he was to enjoy a substantial estate outright under the terms of the residuary trust. The case is not one, therefore, where, upon the termination of the trust under the eighth clause by virtue of the respondent having become thirty years of age, nothing is given to him under other provisions of the will.

The respondent has also argued that, since in the sixth and seventh clauses of the will establishing particular trust funds the testator provided for the addition of the trust fund, in the sixth clause upon the termination of that trust to the residuary trust estate, and in the seventh clause upon the termination of the trust in a certain contingency for like disposition, he knew how to evidence such an intent, and that from his silence as to the disposition of the trust fund here involved, in the event which has occurred, it may be inferred that it was his intention that the respondent should receive that fund upon reaching the age of thirty years. But in the fifth clause of the will establishing a trust fund for his brother, the testator was also silent as to its disposition upon the termination of that trust. In these circumstances we think that the inference suggested by the respondent is not permissible.

The respondent has also argued that in providing for the payment of one third of the principal of the residuary estate to him when he reached the age of thirty years, the testator described it as "one-third of the principal fund established in this paragraph," and that it is thus indicated that he did not have in mind that the residue would be increased by the addition of the trust estate created under the eighth clause of his will. The answer to this would seem to be that under the residuary clause the testator in certain contingencies provided for the distribution of "the balance of the principal of this fund including any balance which may be transferred to it in accordance with paragraph eight herein." It thus clearly appears that the testator at least had in mind that, as provided in the eighth clause of the will, the trust fund upon the death of the respondent before reaching the age of thirty years leaving no children would be added to the residuary trust estate.

Considering the will as a whole and the material circumstances in the light of which it was executed, so far as they appear, we are not convinced that the testator intended that when the respondent reached the age of thirty years he should receive the trust fund held by the petitioners under the eighth clause of the will.

The decree of the Probate Court is affirmed, and costs and expenses of this appeal may be allowed in the discretion of that court.        *Ordered accordingly.*