THE NEW ENGLAND TRUST COMPANY, trustee, *vs.* FLORENCE P. BERRY & others.

Middlesex.     April 10, 1941. — September 13, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Devise and Legacy,* To individuals or to class, Life estate, Gift of principal to income beneficiary. *Trust,* Construction. *Words,* "During their lives."

Provisions of one of several clauses of an article of a will constituting a trust, the dispositions of income in each of which were intended to be complete, that thirty per cent of the income of the trust should be paid to two named sisters-in-law of the testator, both of whom survived

him, "in equal shares, share and share alike, during their lives"; that, if but one of them survived him, the thirty per cent should be paid "to the one so surviving during her life"; that, if both died before him and their mother survived them, she should receive the thirty per cent during her life; and that "upon the death of the survivor of the persons" named in that clause, the thirty per cent should be held subject to another clause of the article which provided for the ultimate distribution of principal, constituted a gift of the thirty per cent of income to the sisters-in-law as a class, and, upon the death of one of them, the entire thirty per cent was payable to the survivor during her life.

In a clause in a will providing that income of a trust should be paid to the testator's two sisters-in-law, both of whom survived him, as a class, further provisions that they were "to have the right to obtain $750 each, in any year, out of principal, if necessary, in their opinion, for their comfort and support"; that, if but one of them survived him, that one should "have the right to obtain $1,500, out of principal in any year, if necessary, in her opinion, for her comfort and support," gave no right to one of the sisters-in-law, after the other had died, to receive more than $750 from the principal.

PETITION, filed in the Probate Court for the county of Middlesex on June 11, 1940, by the trustee under the will of Frederick A. Cheney, late of Arlington, for instructions.

The case was heard by *Beane*, J., and a decree was entered "that after the death of . . . Lucy A. Pettis the income to which she would have been entitled if she had survived should be added to and become a part of the principal of said trust fund," and that the petitioner should "pay to . . . Florence P. Berry, formerly Florence W. Pettis, $750 from the principal of said trust fund in any year, if necessary in her opinion for her comfort and support." Florence P. Berry appealed.

*R. G. Wellings*, (*H. B. Powers* with him,) for the respondent Berry.

*G. S. Parker*, for The Morgan Memorial Co-operative Industries and Stores, Inc.

*F. A. North*, for The Shriners' Hospital for Crippled Children.

*H. W. Jarvis*, for Salvation Army, Incorporated.

QUA, J. Frederick A. Cheney, late of Arlington, by his will left the residue of his estate to the petitioner in trust to pay sixty per cent of the net income in accordance with paragraph "A," thirty per cent in accordance with para-

graph "B," and the remaining ten per cent in accordance with paragraph "C." Each of these paragraphs included provisions for possible payments out of principal. Paragraph "D" provided for the ultimate distribution of the remaining balance of principal among a number of beneficiaries not previously mentioned, including several charities.

The questions at issue relate to the construction of paragraph "B," which reads as follows: "B. Thirty percent of the net income from said trust fund to my sisters-in-law, Florence W. Pettis and Lucy A. Pettis, in equal shares, share and share alike, during their lives. If but one of my said sisters-in-law survives me, then the entire thirty percent to the one so surviving during her life. Said sisters-in-law, herein mentioned to have the right to obtain Seven Hundred Fifty Dollars each, in any year, out of principal, if necessary, in their opinion, for their comfort and support. If but one of said sisters-in-law survives me then the sister-in-law so surviving, to have the right to obtain Fifteen Hundred Dollars, out of principal in any year, if necessary, in her opinion, for her comfort and support. In event of the death of both of my said sisters-in-law before my death, their mother, Anna A. Pettis, surviving them, then the entire portion of the net income herein reserved for them shall vest in her, the said Anna A. Pettis, the same to be paid over to her during her life, she to have the privilege of receiving Fifteen Hundred Dollars, out of principal, in any year, if necessary, in her opinion, for her comfort and support. In event none of the persons named in this clause of my will survives me and upon the death of the survivor of the persons mentioned herein then the income reserved in this clause of my will shall be held subject to the provisions of paragraph D hereof." Both Florence W. Pettis (now called in the petition Florence P. Berry) and Lucy A. Pettis survived the testator. Lucy died in 1940, leaving her sister Florence surviving her.

The first issue concerns the disposition of that half of the thirty per cent of the net income which was paid to Lucy in her lifetime. Florence contends that that half is now payable to her, and that she is now entitled to the

entire thirty per cent of the income referred to in paragraph "B." Certain of the distributees named in paragraph "D" contend that the half of the thirty per cent of income formerly paid to Lucy should be allowed to accumulate for the ultimate benefit of the distributees. No other claims have been presented or argued.

We think that the testator intended that upon the death of one of his sisters-in-law the other should take the entire thirty per cent of net income which is the subject matter of paragraph "B," and that he has sufficiently expressed that intent by the language used, even though he did not provide in express words for precisely the contingency that has occurred. He has treated each of the several percentages of income with which he deals in paragraphs "A," "B," and "C" as a separate unit in itself, each for the benefit of the persons named in the particular paragraph, although some of the same persons are named in more than one paragraph. The thirty per cent mentioned in paragraph "B" was devoted to the benefit of the testator's two sisters-in-law, Florence and Lucy, and if both of them should die before the testator, of their mother. It is clearly provided that if one of the sisters-in-law died before the testator the other should take the entire thirty per cent. It is unreasonable to suppose that the testator would intend that if one of his sisters-in-law died the day before he did the entire thirty per cent should be paid to the survivor, but that if one of them died the day after he did half of the legacy should be lost permanently to the persons named in the paragraph. Nor is it probable that the testator intended to leave half of this unit of income undisposed of in the event which has occurred. The will is drawn as if the dispositions contained in it were intended to be complete.

The language necessary to preserve the entire thirty per cent to the survivor of the two sisters-in-law may be found in the first sentence of paragraph "B," "to my sisters-in-law, Florence W. Pettis and Lucy A. Pettis, in equal shares, share and share alike, during their lives," and in the last sentence of that paragraph where it is provided that "the income reserved in this clause" is to be held subject to the

provisions of paragraph "D" "upon the death of the survivor of the persons mentioned herein." Speaking in more technical terms, in order to carry out the apparent intent of the testator the gift to the two sisters-in-law is to be regarded as a gift to a class and goes to the survivor of the class. This case falls within the principles discussed in the recent decision of *Fitts* v. *Powell,* 307 Mass. 449, 452–456, where in order to carry out the apparent intent of the testator a gift of net income "to be equally divided, one fifth part to each, between" five persons was treated as a gift to a class and as payable to the survivors in spite of the fact that the members of the class were named and in spite of the provision for equal division among the named legatees. To the same effect are *Jackson* v. *Roberts,* 14 Gray, 546, 550–552, *Stedman* v. *Priest,* 103 Mass. 293, 296, *Swallow* v. *Swallow,* 166 Mass. 241, and *Springfield Safe Deposit & Trust Co.* v. *Dunn,* 243 Mass. 7, 10. See *Anderson* v. *Bean,* 220 Mass. 360, 363; *Boynton* v. *Boynton,* 266 Mass. 454, 460. The words "during their lives" are not necessarily restricted to the joint lives of the persons named but may be shown by the context to include the life of a survivor, and the words "upon the death of the survivor of the persons mentioned herein," expressing the condition upon which the income "reserved" in paragraph "B" is to be "held subject to the provisions of paragraph D," cannot be satisfied by the death of one of the sisters-in-law, leaving the other surviving. *Loring* v. *Coolidge,* 99 Mass. 191. *Meserve* v. *Haak,* 191 Mass. 220. *Clarke* v. *Rathbone,* 221 Mass. 574, 578.

The parties have sought to draw arguments in favor of their respective contentions from other portions of the will. We have considered all of these. In some aspects they can be made to serve each of the conflicting claims, but we find nothing in them of sufficient strength to control the conclusions herein stated, drawn from the vital paragraph "B" itself.

A second issue is whether upon Lucy's death Florence acquired in some form Lucy's right to obtain $750 a year out of principal for her comfort and support in addition to

the $750 expressly provided for Florence for a similar purpose. There is in paragraph "B" much to suggest that if this question had been specifically in the mind of the testator he would have provided for this increase in the allowance to one of the sisters-in-law upon the death of the other. But this is not enough. The construction of a will cannot rest upon intention alone. Words must be found in the will itself which can be interpreted as carrying the intention into effect. *Bailey* v. *Bailey*, 236 Mass. 244, 247. *Alfau* v. *Miller*, 306 Mass. 572, 576. *Fitts* v. *Powell*, 307 Mass. 449, 454–455. We can find no words in the will capable of being construed as giving Florence this additional claim upon the principal. The right to call upon principal to the extent of $750 is specifically given to "each," and the enlargement to $1,500 of the right of either is expressed only as applicable in the event that the other fails to survive the testator, and not in the event that both survive the testator and one dies later. We can find no words equivalent to those which, as shown above, enable us to hold that the principle of survivorship applies to the gift of income. We do not perceive how the right of "each" to receive $750 can be treated as a gift to a class of the right to receive $1,500. The right of each sister-in-law is dependent upon her own opinion as to her individual necessities for comfort and support. The two rights are therefore different and separate, and without more than is contained in this will neither can be enlarged upon the cessation of the other. See *Alfau* v. *Miller*, 306 Mass. 572.

The decree is to be modified in accordance with this opinion by directing the petitioner to pay to Florence thirty per cent of the income, and as so modified is affirmed. Costs and expenses of this appeal are to be in the discretion of the Probate Court.

*Ordered accordingly.*